James L. LEVENTRY, ex rel. COM-
MONWEALTH of Pennsylva-
nia, Appellant,

v.

David TULOWITZKI, District Attorney
of Cambria County.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 26, 2002.

Decided Aug. 20, 2002.

Reargument Denied Oct. 25, 2002.

James L. Leventry, appellant, pro se.

Paula J. McDermott, Harrisburg, for appellee.

OPINION PER CURIAM.

James L. Leventry, *ex rel.* Commonwealth of Pennsylvania (Leventry) appeals *pro se* from an order of the Court of Common Pleas of Cambria County (trial court) granting District Attorney David Tulowitzki's (District Attorney Tulowitzki) preliminary objections and dismissing his complaint which sought to remove District Attorney Tulowitzki for misconduct and requesting a statement of costs from District Attorney Tulowitzki.

This case began on June 29, 2000, when Leventry was arrested by the Cambria County Drug Task Force for violations of the Pennsylvania Controlled Substance Drug Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. § 780–101–780–142. Leventry subsequently entered into a plea agreement wherein he pled guilty to a reduced violation in resolution of all outstanding charges against him. Alleging misconduct and willful and gross negligence by District Attorney Tulowitzki in the execution of the duties of his office, including improper interception of oral communications, bad faith and entrapment, Leventry filed a complaint pursuant to Section 1405 of the Act of August 9, 1955, P.L. 323, 16

P.S. § 1405,[1] seeking to have District Attorney Tulowitzki found guilty of a misdemeanor and have him removed from office. In response, District Attorney Tulowitzki filed what was denominated as preliminary objections alleging, *inter alia,* that Leventry failed to state a cause of action for which relief could be granted because Leventry's complaint failed to allege any direct wrongdoing on his part as required by 16 P.S. § 1405.

Section 1405 sets forth the procedure by which a private individual can seek to have a district attorney convicted of a misdemeanor in office and remove him or her from office based on willful and gross negligence in the execution of the duties of his or her office. It provides that upon the filing of a complaint by an aggrieved person, the court shall hold an evidentiary hearing to determine if probable cause exists for the complaint. If the court finds that there is not probable cause for the complaint, it shall dismiss the complaint with reasonable costs to be assessed. However, if the court finds that probable cause exists for the complaint, it shall commit the district attorney to answer the complaint, and subsequently appoint a

competent attorney, i.e., an "independent prosecutor" to prepare an indictment and prosecute the offense on behalf of the Commonwealth as required by Section 1406 of the Act of August 9, 1955, P.L. 323, 16 P.S. § 1406.

■ At the evidentiary hearing, Leventry argued that District Attorney Tulowitzki was grossly negligent or guilty of willful misconduct in the execution of his duties as district attorney based on his supervision of certain county detectives, as well as his approval and signing of a consensualization form in which an informant consented to provide county detectives with information regarding drug activity and participate in their investigation. Specifically, he argued that because the line on the consensualization form for the informant's response to the question of whether the informant was currently under arrest was left blank, District Attorney Tulowitzki was grossly negligent in permitting the county detectives to use the informant in their investigation. Finding that Leventry failed to provide any evidence that District Attorney Tulowitzki provided inadequate supervision over the task force, that Leventry lacked standing

1. That section provides:
(a) If any district attorney shall wilfully [sic] and corruptly demand, take or receive any other fee or reward than such as is prescribed by law for any official duties required by law to be executed by him in any criminal proceeding, or if such district attorney shall be guilty of wilful [sic] and gross negligence in the execution of the duties of his office, he shall be guilty of a misdemeanor in office, and, on conviction thereof, be sentenced to pay a fine not exceeding one thousand dollars and to undergo imprisonment not exceeding one year, and his office shall be declared vacant.
(b) Upon complaint in writing, verified by oath or affirmation of the party aggrieved, made to the court in which any district

attorney shall prosecute the pleas of the Commonwealth, charging such district attorney with wilful [sic] and gross negligence in the execution of the duties of his office, the court shall cause notice of such complaint to be given to the district attorney and of the time fixed by the court for the hearing of the same. If upon such hearing the court shall be of opinion that there is probable cause for the complaint, they shall hand over or commit the district attorney to answer the same in due course of law. If the court shall be of opinion that there is no probable cause for such complaint, they shall dismiss the same, with reasonable costs to be assessed by the court.

to raise a claim of baseless prosecution on behalf of another individual, and that vicarious liability could not be imposed where the potential for imprisonment existed, the trial court concluded that no probable cause existed and dismissed his complaint. This appeal followed.[2]

Leventry contends that the trial court erred in dismissing his complaint because District Attorney Tulowitzki acted in a willful and/or grossly negligent manner in the execution of the duties of his office.[3] First, he argues that District Attorney Tulowitzki's supervision of county detectives on the drug task force allowing them to misuse electronic surveillance and encouraging their entrapment schemes resulted in the willful and/or grossly negligent execution of his duties.[4]

As to the factual basis for that contention, Leventry failed to provide any evidence that any wrongdoing occurred on the part of the drug task force with respect to his arrest. In fact, in another action brought in this court's original jurisdiction, Leventry filed a petition for removal of public officers seeking to have two members of the drug task force, Rod Miller, Chief Cambria County Detective, and Ron Portash, Assistant County Detective, removed from their positions pursuant to Section 5726 of the Wiretapping and Electronic Surveillance Control Act, 18 Pa. C.S. § 5726. In his petition, Leventry alleged that the officers conducted illegal electronic surveillance in connection with the same arrest at issue in the present case. *Leventry v. Rod Miller, Chief Cambria County Detective and Ron Portash, Assistant County Detective*, 796 A.2d 427 (Pa.Cmwlth.2002). Concluding that the officers' use of a body wire that did not require prior court approval did not violate the Wiretapping Act and that Leventry failed to otherwise plead any violation of the Wiretapping Act, we sustained the officers' preliminary objection in the nature of a demurrer and dismissed Leventry's petition.

Even if any wrongdoing on the part of the drug task force officers had been made out, it is well established that

---

2. Our standard of review over an order of the trial court sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. *Dixon v. Cameron County School District*, 802 A.2d 696 (Pa.Cmwlth.2002).

3. Leventry also contends that the trial court erred in granting District Attorney Tulowitzki's preliminary objections because the action was criminal rather than civil in nature and preliminary objections, therefore, were improper. While the penalties enumerated in Section 1405(a) are criminal in nature, the procedure by which a district attorney may be removed from office set forth in Section 1405(b), as described above, is civil in nature. Because the provisions of Section 1405(b) place the burden of establishing probable cause on a private individual rather than an individual acting at the behest of the public interest, and the only thing at issue is whether an "independent prosecutor" should be appointed, that determination was not criminal in nature. While District Attorney Tulowitzki's response was captioned "preliminary objections," they were nothing more than a response to Leventry's complaint and framed the issues the trial court was to address.

4. Leventry also contends that District Attorney Tulowitzki acted in a willful and/or grossly negligent manner through his campaign against "doctor-shopping." In doing so, Leventry refers to numerous third parties who have been investigated and/or charged by the drug task force for alleged drug violations. However, because Leventry has not alleged any personal harm by the so-called "doctor-shopping" campaign, he lacks standing to assert that claim.

liability for any true crime, where an offense carries with it a jail sentence, must be based exclusively upon personal causation; imposition of liability pursuant to a *respondeat superior* theory is impermissible and unconstitutional. *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959), *cert. denied,* 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960). Because Section 1405 does not provide for guilt on the basis of vicarious liability, in that it provides for imprisonment not exceeding one year, Leventry could not establish probable cause based on District Attorney Tulowitzki's supervision of the drug task force.

■ Leventry further contends that regardless of whether District Attorney Tulowitzki's supervision of the drug task force did not constitute willful and/or gross negligence in the execution of his duties, his direct participation in securing the consent of a confidential informant to participate in the police investigation which led to Leventry's arrest resulted in willful and/or gross negligence in the execution of his duties because the response to the question of whether the informant was currently under arrest was left blank on the consensualization form. However, Leventry does not dispute District Attorney Tulowitzki's contention that he properly relied on the informant's statement to him that her reason for consenting to the interception of her conversations with Leventry was that she was the first female Constable in Pennsylvania and thought it was her civic duty to help the police with the drug sting. Because Leventry relies solely on

the fact that the consensualization form was incomplete, and other evidence exists in the record to support a finding that District Attorney Tulowitzki properly determined that the informant's consent was given voluntarily, the trial court did not err in finding that Leventry failed to establish direct involvement by District Attorney Tulowitzki such that probable cause existed requiring that an "independent prosecutor" be appointed pursuant to Section 1406.

■ Accordingly, the trial court's order is affirmed.[5]

### *ORDER*

AND NOW, this 20th day of August, 2002, the order of the Court of Common Pleas of Cambria County, No. 2001–3330, dated November 21, 2001, is affirmed.

---

**5.** Finally, Leventry contends that the trial court abused its discretion by awarding District Attorney Tulowitzki $22,699 in attorney fees without conducting a hearing on that issue and failing to modify the award when District Attorney Tulowitzki requested the

award be reduced from $22,699 to $19,741.50. However, because Leventry did not file a notice of appeal from the trial court's January 15, 2002 order awarding District Attorney Tulowitzki costs and fees, that issue is not properly before us.