**Glue WILKINS, Appellant,**

v.

**Edward M. MARSICO, Jr., Appellee.**

Superior Court of Pennsylvania.

Submitted March 13, 2006.

Filed July 21, 2006.

Glue Wilkins, appellant, Pro Se.

James D. Young, Harrisburg, for appellee.

BEFORE: GANTMAN, McCAFFERY, and TAMILIA, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Glue Wilkins, asks us to determine whether the trial court erred when it dismissed his complaint against the Dauphin County District Attorney,

charging misconduct under 16 P.S. § 1405. We hold Appellant failed to establish probable cause for his misconduct action against the District Attorney accused. Accordingly, we affirm.

¶ 2 The trial court opinion sets forth the relevant facts and procedural history of this appeal as follows:

[Appellant] filed a civil complaint against Dauphin County District Attorney Edward M. Marsico, Jr., on April 26, 2004, charging the District Attorney with misconduct pursuant to 16 P.S. § 1405. A series of evidentiary motions *in limine,* a motion for change of venue, and a motion to dismiss were filed and processed. The undersigned, an out-of-county judge, was assigned to preside over the matter. On March 14, 2005, a Rule was issued granting both parties twenty days to file briefs responsive to all outstanding issues. The parties complied. By order dated August 18, 2005...a hearing on the matter was set for October 5, 2005. At the hearing, [Appellant] testified to matters he alleged constituted [willful] and gross negligence on the part of District Attorney Marsico. At the conclusion of [Appellant's] case, having found that [Appellant] had not set forth a *prima facie* case under 16 P.S. § 1405, [w]e granted the [District Attorney's] motion to dismiss. On October 24, 2005, [Appellant] appealed the dismissal to the Superior Court of Pennsylvania.

* * *

For background, we quote from Judge Kleinfelter's July 28, 2005 opinion that summarized the evidence at [Appellant's] trial:

The events that gave rise to [Appellant's] conviction occurred on July 11, 2002. Joseph Bartolo, an entrepreneur, received a telephone call from a male purporting to be Hank Poteat, a professional football player. The caller arranged to meet Bartolo at 1951 Boas Street, in the city of Harrisburg, to discuss a possible autograph signing show.

Bartolo arrived at 1951 Boas Street and entered a room on the second floor. As Bartolo entered the room, he was struck several times on the head with an aluminum baseball bat. Bartolo fell to the floor where the attacker then kicked and punched him several times in the upper body. As Bartolo was on the floor, the attacker, a black male, got on top of Bartolo and stared choking him. [T]he assailant then stood over Bartolo and yelled, "I should just kill you!" Bartolo then recognized the attacker as [Appellant], with whom Bartolo previously had business dealings.

[Appellant] then duct-taped Bartolo's mouth, ankles, and hands. He took Bartolo's cell phone, $500, and wallet and fled the scene in Bartolo's car. The assault left Bartolo with a fractured left arm and right ankle, a bruised left ankle, left shoulder and upper left arm, and a large laceration on his head. Bartolo required thirty-eight stitches on his head and seven stitches on his left arm.

Kleinfelter, J. opinion, July 28, 2005, page 2.

Appellant's Complaint alleged [District Attorney] Marsico committed misconduct during the prosecution of [Appellant] on criminal charges. [Appellant], whose trial was actually prosecuted by Deputy District Attorney Adam Klein, was found guilty by a jury of aggravated assault, *et al.,* and is currently incarcerated for those crimes. He appealed the conviction both directly and by way of a Post Conviction Relief Act (PCRA) petition. [Appellant] failed to prevail in the

direct appeal and in the PCRA, but a reinstated appeal from the PCRA denial is currently pending.[1]

Because [Appellant] is proceeding *pro se*, it is somewhat difficult to divine exactly the basis for his complaint against District Attorney Marsico. The gravamen appears to be rooted in perceived inconsistencies between the trial testimony of the victim, Joseph Bartolo, and the information contained in a medical report that documents the victim's emergency room treatment at Holy Spirit Hospital after the assault by [Appellant].

(Trial Court Opinion, dated December 5, 2005, at 1–3).

¶ 3 The following represents Appellant's issues as stated in his brief:

DOES APPELLANT, WHO IS AFRICAN AMERICAN, HAVE A RIGHT TO "DUE PROCESS" UNDER COMMONWEALTH LAW?

DOES A DISTRICT ATTORNEY IN THE COMMONWEALTH HAVE "SPECIAL RESPONSIBILITY" TO JUSTICE AND NOT EFFECTIVE PROSECUTION?

CAN A DISTRICT ATTORNEY USE "PERJURY" TO OBTAIN A CONVICTION IN THE COMMONWEALTH?

(Appellant's Brief at 1).

¶ 4 Initially, we observe this appeal raises some question as to proper appellate jurisdiction between this Court and the Commonwealth Court. Appellate jurisdiction of the Commonwealth Court from final orders of the common pleas courts is limited by statute to certain defined classes of subject matter. *Leininger v. Trapizona,* 426 Pa.Super. 385, 627 A.2d 194 (1993); 42 Pa.C.S.A. § 762. Section 762 suggests this appeal could be classified within the exclusive jurisdiction of the Commonwealth Court under Section 762(a)(4)(i)(A), which provides:

**§ 762. Appeals from courts of common pleas**

**(a) General rule.**—Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

\* \* \*

(4) Local government civil and criminal matters.

(i) All actions or proceedings arising under any municipality, institution district, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of any:

(A) statute regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity;

---

1. To clarify the procedural history of this case, Appellant filed a direct appeal from his judgment of sentence on November 28, 2003. On August 25, 2004, this Court dismissed Appellant's appeal for counsel's failure to ensure the certified record included a trial transcript. Appellant filed a *pro se* PCRA petition on December 1, 2004. Appointed counsel amended the petition to request reinstatement of Appellant's direct appeal rights *nunc pro* *tunc.* The court granted Appellant's request on February 23, 2005. Counsel filed a notice of appeal, a court-ordered Rule 1925(b) statement, an *Anders* [ *v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)] brief and a separate petition to withdraw as counsel. On February 13, 2006, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Wilkins,* 897 A.2d 524 (Pa.Super.2006) (unpublished memorandum).

\* \* \*

42 Pa.C.S.A. 762(a)(4)(i)(A). Nevertheless, even under prior law, when the Commonwealth Court retained exclusive jurisdiction over all appeals from "actions or proceedings relating to cases in which the Commonwealth or an officer thereof was a party," our Supreme Court held:

> [T]he office of district attorney is actually something of a hybrid; denominated a county office holder by the Constitution, the district attorney performs his duties on behalf of the Commonwealth.

> Hence, we do not believe that the district attorney comes squarely within the description of "officer of the Commonwealth" as contemplated by [the statute vesting in the Commonwealth Court exclusive jurisdiction over appeals from actions or proceedings relating to cases in which the Commonwealth or an officer thereof is a party]. More properly, the group envisioned [under the repealed statute] [included] the officers of state agencies and departments, thus concentrating administrative law appeals in one tribunal.

*Duggan v. 807 Liberty Avenue, Inc.*, 447 Pa. 281, 288 A.2d 750 (1972). As a result, both this Court and the Commonwealth Court have entertained appeals from the dismissal of complaints alleging misconduct against district attorneys for willful and gross negligence under 16 P.S. § 1405. *See In re Ranck*, 311 Pa.Super. 184, 457 A.2d 556 (1983) (holding appellant had no standing to bring suit against district attorney, as appellant was not aggrieved party); *Leventry ex rel. Com. v. Tulowitzki*, 804 A.2d 1281 (Pa.Cmwlth.2002), *appeal denied*, 573 Pa. 674, 821 A.2d 588 (2003) (holding district attorney could not be removed from office on basis of vicarious liability; appellant's complaint lacked probable cause and/or failed to state cause of action for misconduct under Section 1405).

¶ 5 Additionally, Rule 741 of the Pennsylvania Rules of Appellate Procedure provides, in pertinent part, as follows:

**Rule 741. Waiver of Objections to Jurisdiction**

██ **(a) General rule.** The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

Pa.R.A.P. 741(a). "Ordinarily, this rule allows this Court to accept jurisdiction of an appeal that belongs in another appellate court when the parties do not object." *Commonwealth v. Jackson*, 858 A.2d 627 (Pa.Super.2004) (*en banc*) (citing *Commonwealth v. Smith*, 722 A.2d 167, 169 (Pa.Super.1998)). This Court has discretion to transfer the matter to the Commonwealth Court or to retain jurisdiction. *Lara, Inc. v. Dorney Park Coaster Co.*, 369 Pa.Super. 27, 534 A.2d 1062 (1988).

¶ 6 In the instant case, District Attorney Marsico has not objected to this Court's exercise of jurisdiction, which has been properly perfected. *See* Pa.R.A.P. 741. Therefore, we will retain jurisdiction to decide the appeal. *See id.*

██ ¶ 7 We also recognize:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.; Commonwealth v. Lyons*, 833 A.2d 245 (Pa.Super.2003). Although this Court is willing to liberally construe

materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. *Id.* at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. *Commonwealth v. Rivera*, 454 Pa.Super. 451, 685 A.2d 1011 ( [Pa.Super.] 1996). The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) [Order or other determination in question.]

(3) [Statement of both the scope of review and the standard of review.]

(4) Statement of the question involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Argument for the appellant.

(8) A short conclusion stating the precise relief sought.

(9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111(a)(1)-(10) (emphasis added). Additionally, Rules 2114 through 2119 specify in greater detail the materi-al to be included in briefs on appeal. *See* Pa.R.A.P. 2114–2119.

*Commonwealth v. Adams*, 882 A.2d 496, 497–98 (Pa.Super.2005).

¶ 8 Instantly, Appellant is *pro se* on appeal. Appellant's brief on appeal lacks any statement of jurisdiction, the relevant scope and standard of review, or summary of the argument. His statement of the case is sketchy and represents Appellant's spin on the "facts" as he understands them to be. Appellant's argument section includes some commentary on the first two issues as stated. Appellant then substitutes an entirely different argument ("the District Attorney's direct and illegal participation in the case, based upon failure to deny direct participation") for his third issue as stated ("the District Attorney's use of perjury to obtain a conviction"). Moreover, Appellant's argument section consists mostly of general statements and references to his version of the facts expressed as legal conclusions. The brief fails to present cogent legal arguments or legal citations in support of Appellant's contentions. *See* Pa.R.A.P. 2119(a). Deviations from the rules governing appellate briefs such as those evident in Appellant's case are sufficient grounds to suppress his brief and quash the appeal. *See* Pa.R.A.P. 2101; *Adams, supra; Commonwealth v. Maris*, 427 Pa.Super. 566, 629 A.2d 1014 (1993).

¶ 9 Despite the numerous defects in his brief, we are able to identify Appellant's issues. First, Appellant argues without support that the court ordered the District Attorney to supply Appellant with the record from his trial, which he did not receive. Appellant contends the lack of materials caused him to make an inadequate factual showing at the October 5th hearing. Further, Appellant insists the court refused to address the eighteen (18) count criminal complaint, simply because the allegations

were unclear. Similarly, Appellant complains the court did not address the ten (10) pre-trial evidentiary motions at the hearing, and as a result the court had no evidence on which to base its decision. Additionally, Appellant maintains the court did not subpoena any of the persons on Appellant's witness list. Therefore, the court bears the blame that the record is devoid of testimony to confirm his complaint. Appellant concludes he was denied due process at the October 5th hearing.

¶ 10 Next, Appellant asserts the District Attorney was in violation of his "special responsibilities" under the law. Specifically, Appellant submits it was the Commonwealth's chief witness (the victim), who laid the foundation for Appellant's complaint. Additionally, Appellant baldly asserts District Attorney Marsico lied to the court and solicited perjured testimony to obtain Appellant's conviction.

¶ 11 Finally, Appellant insists District Attorney Marsico was directly involved in the proceedings against Appellant, based upon District Attorney Marsico's failure to confirm or deny Appellant's allegations. Appellant explains the District Attorney had ample opportunity to submit a brief denying Appellant's claims, but failed to do so. Therefore, Appellant concludes the court erred when it dismissed his complaint. We disagree.

■ ¶ 12 The statute relevant to this appeal provides:

§ **1405. Misconduct of district attorney**

(a) If any district attorney shall [willfully] and corruptly demand, take or receive any other fee or reward than such as is prescribed by law for any official duties required by law to be executed by him in any criminal proceeding, or if such district attorney shall be guilty of [willful] and gross negligence in the execution of the duties of his office, he shall be guilty of a misdemeanor in office, and, on conviction thereof, be sentenced to pay a fine not exceeding one thousand dollars and to undergo imprisonment not exceeding one year, and his office shall be declared vacant.

(b) Upon complaint in writing, verified by oath or affirmation of the party aggrieved, made to the court in which any district attorney shall prosecute the pleas of the Commonwealth, charging such district attorney with [willful] and gross negligence in the execution of the duties of his office, the court shall cause notice of such complaint to be given to the district attorney and of the time fixed by the court for the hearing of the same. **If upon such hearing the court shall be of opinion that there is probable cause for the complaint, they shall hand over or commit the district attorney to answer the same in due course of law. If the court shall be of opinion that there is no probable cause for such complaint, they shall dismiss the same, with reasonable costs to be assessed by the court.**

16 P.S. § 1405 (emphasis added). Liability under Section 1405 carries with it a jail sentence and must be based exclusively on personal causation. *See Leventry, supra.* Therefore, liability pursuant to the doctrine of *respondeat superior* in this context is impermissible and unconstitutional. *Id.*

¶ 13 In the instant case, the October 5, 2005 hearing was a "probable cause" hearing pursuant to Section 1405(b), which explains why District Attorney Marsico had not yet answered Appellant's complaint. With respect to Appellant's claims, the trial court reasoned as follows:

[Appellant's] statement of matters complained of completely fails to assist the [c]ourt to prepare an opinion that adequately addresses the issues that [Appellant] has appealed. Such a deficient filing is sufficient justification for the

appeal to be dismissed. Nevertheless, [w]e will endeavor to address the relevant issues.

[Appellant's] Complaint against the District Attorney is predicated upon 16 P.S. § 1405, the statute entitled "Misconduct of district attorney." In relevant part, the statute provides that "if such district attorney shall be guilty of [willful] and gross negligence in the execution of the duties of his office, he shall be guilty of a misdemeanor in office, and, on conviction thereof...his office shall be declared vacant." Section 1405(b) requires the [c]ourt, upon verified complaint in writing, to fix a date for hearing. It further provides that "If [upon hearing] the court shall be of the opinion that there is no probable cause for such complaint, they shall dismiss the same, with reasonable costs to be assessed by the court." 16 P.S. § 1405.

On October 5, 2005, at a formal hearing, this [c]ourt gave [Appellant] an opportunity to present evidence in support of his allegations. [Appellant] testified, but nearly all of his testimony was hearsay, or simple speculation.

The [c]ourt instructed [Appellant] that the hearing was not a PCRA hearing[;] therefore, evidence that may be relevant there is not necessarily relevant with respect to this matter. This matter is an isolated case for the purpose of removing a district attorney.

Without developing any foundation, [Appellant] testified that Mr. Chardo, a deputy district attorney, sat down with police and analyzed a complaint by the victim without examining the medical report to confirm the injuries. [Appellant] alleged that deputy district attorney Klein did not present the medical report at the preliminary hearing. [Appellant] asserted that Klein presented a "facade": the victim testified, but Klein said that the medical report confirmed the injuries.

Again, without foundation, [Appellant] testified that [District Attorney] Marsico and deputy district attorney Klein discussed a magazine article about the case and questioned the victim's mental capabilities but took no action. [Appellant] alleged that Klein vouched for the medical report at trial, despite the victim's contradictory testimony on the stand. Finally, [Appellant] alleges that he sent a letter to [District Attorney] Marsico that included the medical report and highlighted the inconsistencies, and speculated that Marsico **must** have discussed it with Klein to investigate the inconsistencies.

[Appellant's] testimony demonstrates a lack of understanding of the legal process and the responsibilities of the various participants in a trial. Inconsistencies arise whenever there is human interaction, particularly at a trial. [Appellant] propounded a mistaken belief that the prosecution must explain any inconsistencies in the prosecution's case and (although not explicitly set forth) that the prosecutor must resolve them in some fashion. In fact, it is the job of the defense counsel to highlight inconsistencies in the prosecution's case. It is the job of the jury to resolve any inconsistencies and to assess the credibility of the witnesses and evidence. In other words, there is no duty on the part of the prosecution to explain, point out, or resolve inconsistencies in the evidence. Prosecutors attempt to explain inconsistencies in closing argument, but frequently they cannot. It then becomes the jury's function to consider them and resolve credibility. As previously stated, Appellant's testimony relied heavily on hearsay and speculation. Instead of calling witnesses to establish facts, he assumed and speculated that District Attorney Marsico talked with Mr. Klein about the

perceived problems with the testimony of the assault victim or the medical report.

[Appellant's] entire case rests on his own characterization of the evidence. [Appellant] testified that Bartolo, the victim, said that he came into the room in which he was attacked through a door and that [Appellant] bludgeoned him with a baseball bat. [Appellant] contrasts the victim's testimony with the injuries stated in the medical report. The report documents no injury to the rear portion of the victim's head, but only a laceration on his face. [Appellant] admitted that it was the victim, Bartolo, who alleged the medical report was wrong.

[Appellant] agreed that the differences between Bartolo's testimony and the medical report were richly explored during the trial in cross-examination of the witness. The differences having been heard by the jury, the jury then resolved the discrepancies and made credibility determinations. The jury properly and appropriately served as the trier of fact.

Finally, [Appellant] alluded [in] his testimony to a negative administrative determination against his trial counsel. However, [Appellant] made no suggestion that the event was in any way connected to any personal action or inaction on the part of the Defendant, District Attorney Marsico.

Even if the [c]ourt were to find that the performance or actions of the prosecutor, deputy [district attorney] Klein were in some respect faulty, and even if the alleged failings amounted to "[willful] and gross negligence in the execution of the duties of office" (which we decline to find), such a finding would not implicate the District Attorney himself in a violation of the statute. In an analogous situation, a defendant [convicted] of drug-related charges brought suit under 16 P.S. § 1405 to effect removal of the district attorney in [Leventry, supra]. The Court held that because the statute provides for criminal penalties including fines and imprisonment, liability must be based exclusively on personal causation; imposition of liability pursuant to a respondeat superior theory is impermissible and unconstitutional....

Therefore, in the instant case, the actions of deputy [district attorneys] Chardo and Klein cannot, in and of themselves, convey any liability to District Attorney Marsico.

Appellant presented no direct evidence or first-hand knowledge of improper actions by District Attorney Marsico. [Appellant's] testimony against the District Attorney himself was entirely founded on speculation, supposition, and hearsay and must be discounted.

At the October 5, 2005 hearing, the [c]ourt noted that it appeared that Appellant was using the instant proceeding to advance his ineffective assistance of counsel claim against his former defense counsel, to bolster a potential criminal complaint against Bartolo for perjury or unsworn falsification to authorities, or to challenge the manner in which deputy [district attorney] Klein prosecuted the case and deputy [district attorney] Chardo approved the criminal charges.

None of the aforementioned purposes are appropriate in the instant case, nor do they in any way implicate District Attorney Marsico. There is no support to the allegation of wrongdoing or accusation of [willful] and gross negligence by Mr. Marsico.

Near the conclusion of the hearing, as certain procedural matters were being attended to, Appellant conceded: "See, it's nothing against Mr. Marsico and I know he wouldn't do stuff like. That's why I don't understand how it happened. But now, like I said, I'm left

with no choice. This is the only option that I had to pursue the matter."

There being insufficient evidence to establish probable cause, an action pursuant to 16 P.S. § 1405 cannot stand. Accordingly, [w]e granted Mr. Marsico's motion and dismissed Appellant's [c]omplaint.

(Trial Court Opinion at 4–9). The court's decision is consistent with the statute and with *Leventry, supra.*

¶ 14 Further, the certified record makes clear Appellant's actual dispute is with his counsel's act of filing an *"Anders"* Brief and a petition to withdraw as counsel on Appellant's *nunc pro tunc* direct appeal.[2] In that regard, Appellant said at the October 5th probable cause hearing: "[Counsel] filed an *Anders* brief. Like I say, he didn't—he doesn't want to touch it.... [T]hat's my frustration.... Like I said, if there [are] only limited options and my option is to go after the District Attorney for not addressing that, that's my only option at this point." (N.T. Hearing, 10/5/05, at 50–51).

¶ 15 The record also confirms that Appellant and his counsel had the victim's medical report before and at trial. The medical report was produced, and Appellant's counsel was able to utilize at trial the alleged inconsistencies between the report and the victim's trial testimony.

¶ 16 Under the circumstances of this case, we hold Appellant failed to establish probable cause for a misconduct action against District Attorney Marsico. Therefore, we see no reason to disturb the court's decision to dismiss Appellant's complaint. Accordingly, we affirm.[3]

¶ 17 Order affirmed.

---

2. *See* footnote 1 (clarifying procedural history of Appellant's reinstated direct appeal, where counsel filed an *Anders* Brief).

3. Due to the disposition of this appeal, we deny Appellant's motion to quash Appellee's brief as moot.