DLD-177                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1457
_____

DAVID GEORGE LUSICK,

Appellant

v.

DAVID C. LAWRENCE, Court Administrator;
JOSEPH H. EVERS, Prothonatary;
VIVIAN T. MILLER, Clerk of Quarter Sessions;
NATASHA LOWE, Post Trial Supervisor;
SETH WILLIAMS, District Attorney*;
HUGH J. BURNS, District Attorney;
JUDGE PAMELA PRYOR COHEN DEMBE, President

* (Pursuant to F.R.A.P. 43(c)(2))

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-05581)
District Judge: Honorable Legrome D. Davis

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 29, 2010)

_____

OPINION

_____

PER CURIAM

Following a jury trial in 1994, David Lusick was convicted of several crimes in the

Court of Common Pleas for Philadelphia County. He was sentenced to an aggregate term

of 12-35 years' imprisonment. According to Lusick, in November 2007, he attempted to

file a misconduct complaint under 16 P.S. § 1405 against then-District Attorney of

Philadelphia Lynne Abraham and several subordinates in her office.[1] Apparently,

Lusick's complaint was never docketed by the Philadelphia Clerk of Quarter Sessions, so

he refiled it in August 2009.

In December 2009, Lusick filed the instant civil rights complaint in the United

States District Court for the Eastern District of Pennsylvania. Therein, Lusick alleged that

his Fifth and Fourteenth Amendment rights to due process were violated when his

original § 1405 complaint was mishandled by the Philadelphia Clerk of Quarter Sessions.

He alleged that the mishandling was the product of a conspiracy concocted by the various

public officials and judicial employees named in the instant suit. Lusick also requested

---

[1] "Section 1405 sets forth the procedure by which a private individual can seek to have a district attorney convicted of a misdemeanor in office and remove him or her from office based on willful and gross negligence in the execution of the duties of his or her office." Leventry v. Tulowitzki, 804 A.2d 1281, 1283 (Pa. Commw. Ct. 2002).

injunctive relief and that the District Court "take supplemental jurisdiction" over his §

1405 proceedings.

Invoking the Younger[2] abstention doctrine, the District Court sua sponte dismissed

Lusick's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon

which relief could be granted. The District Court stated that "[b]ecause plaintiff's

misconduct case is ongoing in the Philadelphia Court of Common Pleas, this Court, in

deference to the principles of comity and federalism will not interfere in the state judicial

process absent a showing of irreparable injury, a 'flagrant and patent' violation of an

express constitutional prohibition, or other extraordinary circumstances warranting

equitable relief," and that "[t]he facts alleged by plaintiff do not meet these

requirements." Lusick then filed a motion to alter or amend the District Court's judgment

pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, contending that the

District Court misapplied Younger. The District Court denied Lusick's motion,

concluding that he had not met the standard for relief under Rule 59(e). Lusick appealed

from both the District Court's orders.[3]

Having granted Lusick leave to proceed in forma pauperis, we must dismiss his

---

[2] Younger v. Harris, 401 U.S. 37 (1971).

[3] We have jurisdiction to review both orders pursuant to 28 U.S.C. § 1291 and Fed. R. App. P. 4(a)(4)(A)(iv). See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We exercise plenary review over the District Court's sua sponte dismissal of Lusick's complaint for failure to state a claim. Id. at 670. We review for abuse of discretion the District Court's order denying Lusick's Rule 59(e) motion. Id. at 669.

appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law.[4]

Alternatively, we may take summary action if it clearly appears that Lusick's appeal

presents no substantial questions.[5] We may affirm the District Court on any basis that

finds support in the record.[6]

At the outset, we conclude that the District Court erred in its application of

Younger abstention. Younger abstention is appropriate only when three requirements are

satisfied: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state

proceedings implicate important state interests; and (3) the state proceedings afford an

adequate opportunity to raise the federal claims."[7] The last of these requirements is not

satisfied here.

As Lusick noted in his filings below, his § 1405 complaint concerned perceived

misconduct by the former District Attorney of Philadelphia and her subordinates related

to Lusick's 1994 trial and conviction. The scope of proceedings brought under 16 P.S.

§§ 1405 and 1406 is limited: only the district attorney's alleged personal misconduct is at

issue. By contrast, Lusick's federal civil rights suit is rooted in the alleged failures of

certain court personnel to docket Lusick's § 1405 complaint. Lusick argues that the

_____

[4] See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[5] See LAR 27.4; I.O.P. 10.6.

[6] See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

[7] Lazaridis, 591 F.3d at 670.

4

mishandling of his complaint amounted to violations of his federal due process rights. Of the seven named defendants in the federal suit, at least six would be inapt defendants in misconduct proceedings brought under 16 P.S. § 1405.[8] We fail to see how Lusick could raise his due process claims in the § 1405 case against the majority of the defendants in the instant civil rights action.

Despite the District Court's error, we will affirm its judgment because Lusick's complaint fails to state a claim upon which relief may be granted. In order to survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[9] The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."[10] Well-pleaded factual content is accepted as true for purposes of determining whether the complaint states a plausible claim for relief.[11] Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

---

[8] Liability under § 1405 must be based on the District Attorney's personal conduct, and cannot be based on a respondeat superior theory. See Wilkins v. Marsico, 903 A.2d 1281, 1286 (Pa. Super. Ct. 2006).

[9] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[10] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

[11] See id. at 1950.

[12] Id. at 1949.

Based on the spare allegations in Lusick's complaint, we cannot reasonably infer that his due process rights were violated when his original § 1405 complaint was not properly docketed. Instead, the most plausible inference from his allegations (favorable to Lusick) is that he was the victim of a bureaucratic blunder, which is surely not a federal due process violation. The correspondence Lusick attached to his complaint directly supports that inference.

But even if we could infer the existence of fundamentally unfair conduct by the public officials named in Lusick's suit, the complaint does not identify how Lusick was prejudiced by that conduct.[13] Specifically, notwithstanding any actions or inaction by court personnel, Lusick was eventually able to file his § 1405 complaint. Moreover, Lusick does not suggest that the complaint was ruled untimely or otherwise procedurally defective for a reason attributable to the defendants in the instant action. We also cannot, without more, infer some sort of conspiracy hatched by employees of the Philadelphia Clerk of Quarter Sessions and various judicial officers to violate Lusick's civil rights: "mere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim."[14] Furthermore, Lusick's reliance on 18 U.S.C. § 241

---

[13] See Burkett v. Cunningham, 826 F.2d 1208, 1221 (3d Cir. 1987) ("Proof of prejudice is generally a necessary but not sufficient element of a due process claim.") (citations omitted).

[14] D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992) (internal citations omitted); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) ("allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement

(criminalizing conspiracy to impede the exercise of federal rights) is inappropriate, as that statute does not give rise to a cognizable federal claim in a civil suit.[15]

The District Court failed to either (A) grant Lusick leave to amend, prior to its sua sponte dismissal of the complaint, or (B) speak to the inequity or futility of amendment.[16] It should have done one or the other. We have considered the possibility of amendment, however, and conclude that it would be futile.

Accordingly, because this appeal presents no substantial question, and because Lusick's complaint fails to state a viable due process claim, we will summarily affirm the District Court's judgment.

---

and concerted action.") (quoting Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990)).

[15] Cf. United States v. Philadelphia, 644 F.2d 187, 199 (3d Cir. 1980).

[16] See Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("In the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint."); see also Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).