GLD-232                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1880
_____

DAVID GEORGE LUSICK,
                                        Appellant

v.

DAVID C. LAWRENCE, Court Administrator; JOSEPH EVERS, Prothonotary;
VIVIAN T. MILLER, Clerk of Quarter Sessions; NATASHA LOWE, Post Trial
Supervisor; DISTRICT ATTORNEY PHILADELPHIA; CHIEF APPEALS UNIT,
DISTRICT ATTORNEY PHILADELPHIA; PRESIDENT JUDGE PAMELA PRYOR
COHEN DEMBE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-05581)
District Judge:  Honorable Legrome D. Davis
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2011

Before:  AMBRO, CHAGARES AND COWEN, Circuit Judges

(Opinion filed :July 26, 2011 )
_____

OPINION
_____

PER CURIAM

        Pennsylvania prisoner David Lusick commenced a civil rights suit on November

19, 2009, alleging that the Philadelphia Clerk of Quarter Sessions mishandled his misconduct complaint against then-District Attorney of Philadelphia Lynne Abraham and others in her office. The District Court sua sponte dismissed the lawsuit without prejudice pursuant to the abstention doctrine of Younger v. Harris, 401 U.S. 37, 53–54 (1971). After filing a futile Federal Rule of Civil Procedure 59(e) motion, Lusick appealed. While disagreeing with the District Court's reliance on Younger, we determined nonetheless that "Lusick's complaint fail[ed] to state a claim upon which relief may be granted." Lusick v. Lawrence, 378 F. App'x 118, 119–20 (3d Cir. 2010). More specifically, we identified numerous faults in Lusick's complaint, including a failure to actually demonstrate harm—his misconduct charge was eventually filed—and an insufficient pleading of his conspiracy allegations. Id. at 120–21. We thus summarily affirmed the judgment of the District Court. Id. at 121.

On February 1, 2011—more than a year after the District Court denied his motion to alter or amend the judgment—Lusick filed a document entitled "In Re: Præcipe for Reopening of Case Lusick v. Lawernece [*sic*] Based on Newly Discovered Evidence."[1] Citing Federal Rule of Civil Procedure 60(b), Lusick asked the District Court to "take judicial notice" that his misconduct complaint had been "deferred and or administratively closed without opinion." He enclosed a document that was purportedly served on one Hugh J. Burns on May 15, 2010, although no record of such appears on the District

---

[1] To be precise, Lusick filed *two* documents on or around that date. See ECF Nos. 17–18. Aside from some slight differences in formatting, they appear to be identical.

Court's docket. In the enclosure, Lusick alleged that Vivian Miller, the Clerk of Quarter Sessions, was "forced to resign her office" in May 2010,[2] by dint of her being "incompetent for years"; it also charged this Court with "not giv[ing] a fair reading to [his] complaint." Lusick further moved for appointment of counsel.

The District Court denied both motions, observing that Lusick's Rule 60(b)(2) motion was not filed within the one-year limit prescribed by Rule 60(c). Lusick appealed. He has requested the appointment of counsel, and has asked that we "depose Vivian Miller to preserve her testimony."

We have jurisdiction under 28 U.S.C. § 1291. Our review of denial of relief under Federal Rule of Civil Procedure 60(b), with the exception of claims raised under 60(b)(4), is for abuse of discretion. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). The same standard applies to our review of a District Court's decision declining to appoint counsel. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

While an in forma pauperis appellant may proceed without the prepayment of fees, see 28 U.S.C. § 1915(a), we must dismiss the appeal if we determine it to be frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it raises no legal issue that is arguable on the merits. United States v. Youla, 241 F.3d 296, 301 (3d Cir. 2001).

To the extent that Lusick properly moved to reopen pursuant to Rule 60(b)(2), the

---

[2] Lusick says that he came to this information by way of the Philadelphia Daily News, but does not cite (or enclose) any specific article.

"newly discovered evidence" would have to be evidence of facts in existence at the time of his original filing of which he was excusably ignorant. United States v. 27.93 Acres of Land, 924 F.2d 506, 516 (3d Cir. 1991) (citations omitted). It is unclear whether Lusick could have been aware of the turmoil in the Quarter Sessions office at the time of his original action, but no matter: he failed to seek relief within one year of the District Court's judgment. "Motions under Rule 60(b)(1)–(3) must be brought within one year of the entry of a final judgment. *An appeal does not toll this time period*. Therefore, relief under Rules 60(b)(1)–(3) is time barred." Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1346 n.5 (3d Cir. 1987) (emphasis added). To the extent that Lusick's motion could be construed as sounding under Rule 60(b)(6), which has a less-stringent time limit, see Fed. R. Civ. P. 60(c)(1), he has failed to allege any "extraordinary circumstances" that would otherwise justify reopening his case. See Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 393 (1993).[3]

As there is no merit to this appeal, we deny Lusick's motion for the appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Lusick's "Motion to Perpetuate Testimony" is also denied. This appeal will be dismissed pursuant to 28

---

[3] Nor does he accurately characterize our previous opinion. Then, as now, he had alleged, at best, a "bureaucratic blunder." Lusick, 378 F. App'x at 120. Rather than suggest the presence of a conspiracy to violate his rights or a policy of selectively ignoring certain complaints, the "new evidence" to which he refers implies even more strongly that the failure to process his original complaint was an oversight, rather than "malfeasance" or *deliberate* indifference." Further, while Lusick speaks of his complaint as being "administratively closed without opinion," he neglects to explain the

U.S.C. § 1915(e)(2)(B)(i).

---

reasoning behind that decision—whether, for example, it was deemed meritless or was dismissed for untimely filing—and hence has again failed to demonstrate prejudice.

5