IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins,                          :
               Appellant     :
                                       :
      v.                 : No. 339 C.D. 2018
                                       : Submitted:  August 3, 2018
Honorable Francis T. Chardo, III,      :
District Attorney                      :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED:  August 29, 2018


Glue Wilkins (Wilkins) appeals the order of the Court of Common Pleas of Dauphin County (trial court) dismissing Wilkins' complaint against District Attorney Francis T. Chardo, III (Chardo)[1] under Section 1405 of the County Code (Code)[2] asserting that while serving as First Assistant District Attorney in Dauphin County, Chardo engaged in willful misconduct as well as alleging that Wilkins engaged in criminal conduct.  Because Wilkins sought *in forma pauperis* status, the trial court conducted a review of the merits of his

[1] Chardo is currently the District Attorney of Dauphin County.  However, at the time of the conduct alleged, Chardo was the First Assistant District Attorney of Dauphin County.

[2] Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 1405.

complaint pursuant to Pa.R.C.P. No. 240(j)(1)[3] and, finding it frivolous, dismissed the complaint. For the following reasons, we affirm.

## I.

Wilkins was convicted of attempted homicide in 2003. In addition to a failed appeal of that conviction, Wilkins has filed numerous complaints against various parties involved in his criminal case in both state and federal courts. *See Wilkins v. Marsico*, 903 A.2d 1281 (Pa. Super. 2006) (dismissing a Section 1405 complaint against the district attorney for lack of probable cause); *see also Wilkins v. Reed* (M.D. Pa., No. 4:C.V.-06-408, filed March 6, 2006) (dismissing as legally frivolous claims by Wilkins against mayor and police department concerning his 2003 conviction); *Wilkins v. Corbett* (M.D. Pa., No. 4:C.V.-06-171, filed Jan. 31, 2006) (dismissing as legally frivolous claims by Wilkins against commonwealth and attorney general concerning his 2004 conviction); *Wilkins v. Kleinfelter* (M.D. Pa., No. 4:C.V.-06-14, filed Jan. 26, 2006) (dismissing as legally frivolous claims by Wilkins against a judge who presided over criminal trial in his 2003 conviction); *Wilkins v. Dauphin County* (M.D. Pa., No. 4:C.V.-05-901, filed May 9, 2005) (dismissing as legally frivolous claims by Wilkins against Dauphin

---

[3] Pa.R.C.P. No. 240(j)(1) provides that:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

County, the Public Defender's Office, and prosecutor concerning his 2003 conviction).[4]

This current appeal, filed in January 2018, involves a complaint against Chardo as District Attorney under 16 P.S. § 1405[5] for actions he took while

---

[4] Wilkins was criminally charged with and pleaded guilty to numerous charges of barratry for his previous frivolous claims relating to his 2003 conviction. *See Commonwealth v. Wilkins* (Pa. Super., No. 1877 M.D.A. 2015, filed June 6, 2015) (dismissing Wilkins' appeal of a judgment of sentence entering his *nolo contendere* plea to one count of barratry).

[5] This provision provides:

> a. If any district attorney shall willfully and corruptly demand, take or receive any other fee or reward than such as is prescribed by law for any official duties required by law to be executed by him in any criminal proceeding, or if such district attorney shall be guilty of willful and gross negligence in the execution of the duties of his office, he shall be guilty of a misdemeanor in office, and, on conviction thereof, be sentenced to pay a fine not exceeding one thousand dollars and to undergo imprisonment not exceeding one year, and his office shall be declared vacant.

> b. Upon complaint in writing, verified by oath or affirmation of the party aggrieved, made to the court in which any district attorney shall prosecute the pleas of the Commonwealth, charging such district attorney with willful and gross negligence in the execution of the duties of his office, **the court shall cause notice of such complaint to be given to the district attorney and of the time fixed by the court for the hearing of the same.** If upon such hearing the court shall be of the opinion that there is probable cause for the complaint, they [sic] shall hand over or commit the district attorney to answer the same in due course of law. If the court shall be of the opinion that there is no probable cause for such complaint, they [sic] shall dismiss the same, with reasonable costs to be assessed by the court.

16 P.S. § 1405 (emphasis added).

serving as First Assistant District Attorney in prosecuting the attempted homicide charge against Wilkins. That provision provides that if a district attorney is guilty of willful and gross negligence in the execution of the duties of his office, he shall be guilty of a misdemeanor. Once a complaint is filed, the provision provides that the court is to hold a hearing to determine if there is probable cause for the complaint.

In his complaint, Wilkins alleged that Chardo failed to consider the victim's medical report in the underlying criminal matter prior to filing an affidavit of probable cause, which he argues constitutes official oppression,[6] criminal conspiracy,[7] obstructing administration of law or other government function[8] and contempt proceedings before magisterial district judges and Pittsburgh magistrate court judges.[9] The complaint also alleged what is tantamount to willful misconduct and gross negligence:

> [Chardo] did intentionally, knowingly and recklessly, under circumstances manifest in extreme indifference to the rights and liberty of [Wilkins] AND in direct violation of the Pennsylvania rules of Criminal Procedure . . . *WITHOUT EVER REVIEWING THE EXCULPATORY MEDICAL REPORT* . . . *'approved'* an Affidavit for Probable Cause against [Wilkins] for ATTEMPTED HOMICIDE, AGGREVATED [sic]

---

[6] 18 Pa.C.S. § 5301.

[7] 18 Pa.C.S. § 903.

[8] 18 Pa.C.S. § 5101.

[9] Pa.R.Crim.P. 140.

4

ASSAULT and ROBBERTY [sic] *with* INFLICTED SERIOUS BODILY INJURY.

Note: The *exculpatory* Medical Report cites no 'serious bodily injury.'

(Record (R.) Item No. 1, 16 P.S. § 1405 Complaint, p. 2.) (Emphasis in original.)

This is not the first time Wilkins has brought a Section 1405 complaint involving the same allegations. In 2004, Wilkins attempted to bring a Section 1405 complaint against the then District Attorney of Dauphin County, Edward Marsico (Marsico), raising the same allegations. *Wilkins v. Marsico*, 903 A.2d 1281 (Pa. Super. 2006). Among other things, Wilkins alleged that Marsico was criminally liable under Section 1405 of the Code because Chardo, while serving as First Assistant, failed to examine the medical report currently at issue prior to approving the affidavit of probable cause. The Superior Court affirmed the trial court's dismissal of the complaint because Marsico could not be held liable under Section 1405 for actions allegedly committed by his assistant district attorneys. Furthermore, upon examining the record, the Superior Court determined that, because Wilkins failed to establish a foundation for his claims regarding Chardo's conduct, his complaint lacked probable cause. The Court also noted the following with regard to the medical report:

> The record also confirms that Appellant and his counsel had the victim's medical report before and at trial. The medical report was produced, and Appellant's counsel was able to utilize at trial the alleged inconsistencies between the report and the victim's trial testimony.

5

*Marsico*, 903 A.2d at 1289.[10]

The trial court dismissed the current action as frivolous because it found that Wilkins' civil action against Chardo was an impermissible use of Section 1405 of the Code as an attempt to circumvent the private criminal complaint procedure.[11] Wilkins then filed this appeal.[12]

## II.

On appeal, even if his complaint is frivolous, Wilkins contends that the trial court erred in dismissing the complaint because Section 1405 of the Code requires a hearing, and to deny him a hearing is to deny him his due process rights. While Section 1405 of the Code provides that the court must schedule a hearing to determine whether the complaint is backed by probable cause, because Wilkins

---

[10] In 2016, Wilkins also filed a motion for judicial notice of exculpatory medical report with the trial court. The trial court, in response, issued an Order specifically finding that the medical report docketed in this matter was not exculpatory, and that it merely "states that the victim required thirty-four (34) stitches to close the lacerations on his head." (R. Item No. 27, Motion for Judicial Notice of Selective Jurisprudence that the Alleged Victim did not have a Fractured Ankle, Exhibit A.) Furthermore, the Order expressly prohibited Wilkins from filing any further motions for judicial notice relating to the medical report.

[11] Section 1405 of the Code allows an aggrieved party to file a civil complaint, although the penalties are criminal in nature. *Leventry v. Tulowitzki*, 804 A.2d 1281 (Pa. Cmwlth. 2002). Furthermore, Wilkins' Section 1405 claim is the only component of his complaint that he raised on appeal.

[12] Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. No. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *Bell v. Mayview State Hospital*, 853 A.2d 1058, 1060 (Pa. Super. 2004).

6

sought to file a civil action *in forma pauperis*, Pa.R.C.P. No. 240 permitted the trial court to review the complaint to determine if it was frivolous before allowing the action to proceed. *Szarewicz v. Zappala* (Pa. Super., No. 667 WDA 2013, filed Jan. 31, 2014). A frivolous action or proceeding has been defined as one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).

The trial court found that the action was frivolous because Wilkins was impermissibly using the action to circumvent the private criminal complaint procedure. However, there were allegations in the complaint that also contended that Chardo's actions constituted willful misconduct and gross negligence, which is permissible under a Section 1405 complaint. Nonetheless, this does not mean that Wilkins' complaint is not frivolous.[13]

Section 1405 of the Code only applies to "any *district attorney*"[14] who is "guilty of willful and gross negligence in the execution of the duties of his

---

[13] We may affirm a trial court's order based on a different rationale if the basis for our decision is clear on the record. *Guy M. Cooper, Inc. v. East Penn School District*, 903 A.2d 608, 618 n.9 (Pa. Cmwlth. 2006).

[14] Within the context of Article XIV of the County Code, the term "District Attorney" does not include "Assistant District Attorneys." Section 1401 of the County Code , 16 P.S. § 1401, provides that:

> (a) The district attorney shall be a resident of the county, at least twenty-five years of age, and a citizen of the United States, shall have been admitted to practice as an attorney before the Supreme Court of this Commonwealth for at least one year prior to taking the oath of office and shall have resided in the county for which he is elected or appointed for one year next preceding his election or appointment.

**(Footnote continued on next page…)**

office." 16 P.S. § 1405(a) (emphasis added). Although Chardo is currently the District Attorney of Dauphin County, he did not hold that position at the time of his alleged misconduct. Rather, he was the First Assistant District Attorney at the time the conduct would have occurred. Because he was not district attorney when the conduct occurred, and Section 1405 only relates to conduct while serving as district attorney, a Section 1405 action is not maintainable.

**(continued…)**

\* \* \*

(f) No district attorney shall be eligible for a seat in the Legislature or to any other office under the laws and Constitution of the Commonwealth, excepting an office or commission in the militia of the Commonwealth, during his continuance in office.

From the above, the district attorney is a person who serves as district attorney and not his or her subordinates. This interpretation is confirmed by Section 1420 of the County Code, 16 P.S. § 1420, that gives district attorneys the power to appoint assistants. It provides:

(a) The district attorney may appoint such number of assistants, special assistants or deputy assistants, learned in the law, to assist him in the discharge of his duties, as is fixed by the salary board of the county. The salary board shall fix the salary of such assistants, special assistants and deputy assistants.

(b) The district attorney may appoint temporary assistants, temporary special assistants or temporary deputy assistants, learned in the law, to assist him in the discharge of his duties, as provided by contract or other personnel agreement with the county or the district attorney. Any attorney-at-law, including a deputy Attorney General or an attorney employed by the Commonwealth, may be appointed under this subsection.

Moreover, this action is outside the applicable statute of limitations. 42 Pa.C.S. § 5552(c)(2) applies to:

> Any offense committed by a public officer or employee in the course of or in connection with his office or employment at any time when the defendant is in public office or employment or within five years thereafter, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than eight years.

As can be seen, even if Section 1405 of the Code applied to Chardo's conduct, the applicable statute of limitations is, at most, 13 years, and the conduct complained of occurred at least 15 years ago.[15]

Because Wilkins has no basis in law to bring this Section 1405 complaint against Chardo for conduct he allegedly committed as an assistant district attorney and Wilkins' complaint is outside the statute of limitations, the trial court properly dismissed his appeal as frivolous. Therefore, we affirm.

_____
DAN PELLEGRINI, Senior Judge

---

[15] Although Wilkins does not specify precisely when Chardo's alleged misconduct took place, Wilkins was convicted of attempted homicide in 2003. He did not file his complaint against Chardo until January 2018.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins,                    :

        Appellant       :

                         :

      v.                : No. 339 C.D. 2018

                         :

Honorable Francis T. Chardo, III,  :

District Attorney         :

# **O R D E R**

AND NOW, this 29th day of August, 2018, the order of the Court of Common Pleas of Dauphin County dated February 21, 2018, is affirmed.

_____

DAN PELLEGRINI, Senior Judge