J-S29004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| OLANIYAN ADEFUMI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN COOPER | : | No. 2910 EDA 2019 |

Appeal from the Order Entered September 9, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 190804621

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: Filed: July 16, 2020

Olaniyan Adefumi appeals, *pro se*, from the order dismissing his legal malpractice claim against Attorney Johnathan Cooper. The Court of Common Pleas of Philadelphia County concluded that Adefumi's complaint failed to state a claim upon which relief can be granted. We affirm.

This legal malpractice claim arises from a previous lawsuit Adefumi initiated against Dr. Sharon Lim. In his complaint, Adefumi alleged that Dr. Lim sexually assaulted him during a medical examination. Attorney Cooper represented Dr. Lim in the matter and moved for summary judgment. The trial court granted the motion for summary judgment and dismissed the case with prejudice.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Thereafter, Adefumi filed a motion for reconsideration, which the court denied. He appealed the trial court's order. Upon review, a panel of this Court quashed Adefumi's appeal. He then filed a petition for allowance of appeal to the Pennsylvania Supreme Court.

While his petition for review was pending, Adefumi filed an action against Attorney Cooper for legal malpractice, alleging various improprieties. He also filed a motion to proceed *in forma pauperis*. The trial court dismissed the action upon finding Adefumi's complaint failed to state a claim upon which relief can be granted. This appeal followed.

Adefumi is proceeding *pro se* on appeal.[1]  The brief he submitted is woefully deficient.

The brief does not contain a statement of jurisdiction, a copy of the order in question, a statement of our standard and scope of review, a statement of questions involved, a statement of the case, a summary of his argument, or an argument. **See** Pa.R.A.P. 2111(a), 2114-2119. In addition, the brief is devoid of any citation to legal authority. The brief also fails to present an intelligible argument.

_____

[1] "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa. Super. 2006) (citation omitted).

Given these failings, we find the issues raised on appeal waived. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 639, 647 (Pa. Super. 2013) (citation omitted).

Additionally, even if Adefumi did not waive his issues on appeal, we would conclude that he cannot establish a legal malpractice claim. In Pennsylvania, a claim against an attorney for legal malpractice must be asserted by the attorney's actual client, absent a limited exception not present here. *See Krauss v. Claar*, 879 A.2d 302, 308 (Pa. Super. 2005). Because Adefumi was never represented by Attorney Cooper, his claim merits no relief. As such, the trial court did not err in dismissing Adefumi's legal malpractice claim for failure to state a claim.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/20