J-S73003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| E.O., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| G.M., | |
| Appellant | No. 974 MDA 2014 |

Appeal from the Order Entered May 21, 2014
In the Court of Common Pleas of Dauphin County
Domestic Relations at No(s): 02197-DR-07

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                **FILED DECEMBER 08, 2014**

G.M. ("Father") appeals *pro se* from the May 21, 2014 order wherein the trial court denied his request to decrease his monthly child support obligation.  We affirm.

Father and E.O. ("Mother") have a seven-year-old son, J.M.  Mother and Father are natives of Haiti, and Father has an older son from a prior relationship who resides in Haiti.  During 2007, while the parties were cohabitating, Mother filed a complaint for child support against Father as a requirement for receiving cash assistance from the Department of Public Welfare.  Father executed an acknowledgment of paternity and waived his rights to genetic testing, a paternity trial, and representation on the issue of paternity.  Several support orders ensued over the next seven years.

As it relates to the order that is the genesis of this appeal, on January 9, 2014, Mother filed a petition to increase Father's then-existing child support obligation of $183 per month plus $18 in arrears. She asserted that the support award, which amounted to approximately forty-six dollars per week, was insufficient to support J.M., and that Father had inflated the amount of money that he claimed to provide to his son in Haiti. Both parties attended a support conference before a hearing officer, and on February 25, 2014, the trial court adopted the officer's recommendation to increase Father's monthly support obligation to $423.50 plus $42.25 on arrears. In calculating that amount, the conference officer determined Father's net monthly income to be $1,564.40, based upon the revelation of Father's employment through Aerotek Staffing Agency since July 9, 2013. Acting *pro se*, Father sought *de novo* review, and following an evidentiary hearing, the trial court denied relief. This timely *pro se* appeal followed.

Father complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The *pro se* statement asserted, *inter alia*, that, since his monthly income was $960 per month, Father could not afford to pay the calculated support obligation, contribute to supporting his other child and survive. Additionally, Father challenged several aspects of the trial court's application of the support guidelines. On July 28, 2014, the trial court entered a memorandum opinion addressing each of Father's assertions. The matter is ready for our review.

At the outset, we confront the substantial defects in Father's *pro se* brief. Our rules of appellate procedure provide that where the defects in a brief are so substantial as to preclude meaningful judicial review, the appeal may be quashed or dismissed. **See** Pa.R.A.P. 2101. The appellate rules outline the specific contents of the brief and enumerate twelve distinct components of a compliant brief. **See** Pa.R.A.P. 2111(a)(1)-(11) and (b). Moreover, pursuant to Pa.R.A.P. 2119 (a), "The argument shall be divided into as many parts as there are questions to be argued . . . followed by such discussion and citation of authorities as are deemed pertinent." In addition, Rule 2119(b) provides, "Citations of authorities must set forth the principle for which they are cited." "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." **Lackner v. Glosser**, 892 A.2d 21, 29-30 (Pa. Super. 2006) (citations omitted).

Herein, Father's two-page brief is marginally comprehensible, and it is utterly devoid of any of the required components required by Rule 2111(a)(1)-(11) and (b), including the requirement that appellants append a copy of the trial court opinion to the brief. Additionally, beyond an isolated reference to Pa.R.C.P. 1910.16-2(e), which concerns the calculation of net income in low income cases, Father fails to support his arguments with citation either to the record or legal authority.

Appellant's status as a *pro se* litigant does not absolve him from responsibility for compliance with the rules. *See Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa.Super. 2006). In *Wilkins*, we explained, "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id*. at 1284-85. To borrow a statement from *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996), "[Father] has chosen to proceed *pro se* and [he] cannot now expect this Court to act as [his] attorney." Accordingly, we generally do not tolerate fundamentally defective briefs submitted by *pro se* litigants.

Nevertheless, in light of the facts that (1) we can discern the two arguments that Father seeks to level on appeal; (2) Mother addressed both of Father's contentions without objection to the significant defects in his brief; and (3) the trial court was able to address at least one of the arguments that Father asserts herein, we are not prevented from conducting meaningful appellate review. Thus, we do not dismiss the appeal pursuant to Rule 2101.

The following principles are pertinent to our review of the order denying Father's request to reduce the amount of his monthly child support payment. A parent's financial obligation to his children is absolute, "and the purpose of child support is to promote the child's best interests." *Morgan v.*

***Morgan***, 99 A.3d 554, 557 (Pa.Super. 2014) (quoting ***McClain v. McClain***, 872 A.2d 856, 860 (Pa.Super. 2005)). In reviewing a child support order, "this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground." ***Id***. at 556. Moreover, "[w]e will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order." ***Id***. at 556-557. As we have explained, "[a]n abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused." ***Id***. at 557.

Father presents two issues for our review, which we summarize as follows. For the first time on appeal, Father asserts that Mother committed fraud in obtaining his signature on the acknowledgment of paternity and the waiver of rights regarding paternity. Relying upon his inexperience with English, Father claims that when he executed the relevant paternity documents, Mother misled him to believe that he was signing immigration papers that would allow him to obtain a green card. Without addressing the merits of Father's fanciful assertion of fraud in the *factum*, we find that the issue is waived because Father failed to level the claim before the trial court or in the court-ordered Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(4) (vii) ("Issues not included in the Statement and/or not raised in accordance

with the provisions of this paragraph (b)(4) are waived."); ***Riley v. Foley***, 783 A.2d 807, 813 (Pa.Super. 2001) (***Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1999) and its progeny applied to family law case involving child support and issue asserted on appeal was waived due to mother's failure to include it in Rule 1925(b) statement); ***see also*** Pa.R.AP. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). As Father's inaction prevented the trial court from confronting this issue in the first instance, we do not address it herein.

Father's second contention is that the trial court erred in failing to reduce his child support obligation based upon his modest monthly income and his obligations to his minor child in Haiti. Essentially, Father asserts that the trial court erred in fashioning his basic child support obligation without reference to the low income provisions in Pa.R.C.P. 1910.16-2(e)(1), and without taking into account his support of his older son. As we highlight below, the record belies both of these contentions.

The trial court addressed Father's two arguments collectively as follows:

> Defendant suggests his support obligation should be reduced because he supports two children and does not have enough money left after payment of support for his younger son to support his older son or meet his own needs. The support guidelines provide that an obligor, after payment of all child (and spousal) support obligations, should retain a livable net income, currently $931 per month. Pa.R.C.P. 1910.16-2(e)(1). Under the guidelines, the livable net income, or Self Support Reserve (SSR), applies in "low income cases" and "multiple family" situations. Pa.R.C.P. 1910.16-2(e)(1) and 1910.16-7(c). "The

SSR is intended to assure that obligors with low incomes retain sufficient income to meet their basic needs and to maintain the incentive to continue employment." Pa.R.C.P. 1910.16-2, Explanatory Comment — 2010.

As was discussed at the *de novo* hearing, the SSR was considered and defendant given a slight deduction from his guideline support obligation. (N.T. 4-5) The relevant calculations were as follows: Defendant's monthly net income of $1,564 was reduced by his monthly obligations to both children. The guideline amount owed for his younger son was $471 per month ($363) basic child support and $108 for private school tuition, supra), reducing his monthly net income to $1,093. From this, his income was further reduced by the $200 per month defendant claimed he paid to support his child in Haiti. After these deductions, defendant was left with an $893 monthly net income, which was $38 under the $931 SSR. The final support order I issued accounted for the SSR figure, reducing defendant's $471 per month guideline obligation by $47.50, to $423.50 per month, putting him back over the SSR. (*Id*.)

Trial Court Opinion, 7/28/14, at 4-5 (footnote omitted).

The certified record supports the trial court's discussion. During the evidentiary hearing, Mother's counsel outlined the support calculation. She explained that based upon the parties' combined income of $3,250, the basic support amount for J.M. under the child support guidelines was $756 per month. N.T., 5/21/14, at 3-4. Father agreed with the court's calculation of the basic child support. Counsel then elucidated that, with a net monthly income totaling $1,564.40, Father's portion of the basic support obligation equaled $363.11, which is approximately forty-eight percent of $756. *Id*. at 4. Thereafter, Father was assessed one-half of J.M.'s private school tuition, $108.07, which brought his adjusted child support obligation to $471 after the court rounded the sum to the nearest dollar. *Id*. However, after

deducting from Father's monthly income the $471 child support obligation and an additional $200 for Father's support of his older son in Haiti, Father's gross monthly income of approximately $893 fell below the $931 threshold for the self-support reserve outlined Rule 1910.16-(2)(e). Thus, recognizing both Father's modest income and the child support he directed to his other son, the trial court reduced Father's calculated monthly child support obligation of $471 by $47.50 to restore Father's monthly income above the reserve threshold. The resulting child support order directing Father to pay Mother $423.50 per month plus arrears reflects the trial court's adjustment.

In sum, the certified record demonstrates that in fashioning the underlying child support order, the trial court both considered Father's support obligation to his older son in Haiti and accounted for the self-support reserve under Rule 1910.16-(2). Hence, Father's arguments fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2014