J. S76013/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BARBARA J. MAYERCHECK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH A. MAYERCHECK, | : | No. 853 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Order, May 13, 2014,
in the Court of Common Pleas of Westmoreland County
Civil Division at No. 546 OF 2002D

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 15, 2015**

Joseph A. Mayercheck ("Husband") appeals, **pro se**, the order dated May 13, 2014, entered in the Westmoreland County Court of Common Pleas involving matters related to the parties' divorce and equitable distribution. We affirm.

This matter has a protracted history.  We will summarize the pertinent filings in order to comprehend the present appeal.   After filing and withdrawing two **pro se** divorce complaints in 1999 and 2000, Wife, through counsel, filed a new complaint in divorce on March 22, 2002, with counts for alimony, alimony **pendente lite**, equitable distribution, counsel fees, costs, expenses, insurance policies, and exclusive possession.  Husband, **pro se**, filed an answer and counterclaim on April 1, 2002.  Subsequently, a master was appointed on February 16, 2005.  Testimony began on June 7, 2006,

and continued for 23 additional days ending on December 4, 2009. The master filed his 80-page report on December 10, 2010. Both parties filed exceptions. On June 22, 2011, the trial court ruled upon the exceptions in an order and opinion. The trial court made adjustments to the master's report, awarded Wife counsel fees, and stated that, upon the filing of a praecipe to transmit the record, a final divorce decree would be entered.

Wife filed a motion for reconsideration, and the trial court remanded the matter to the master to calculate the "percentage of distribution" of assets he intended to award to the parties. The master amended his report on September 29, 2011, and awarded 58% of the marital assets to Wife and 42% to Husband. On October 3, 2011, based on the master's amended report, the trial court amended the June 22, 2011 order, making modifications in the values awarded to each party, awarding counsel fees to Wife and entering a final divorce decree. (*See* Order, 10/3/11.) Husband appealed and Wife filed a cross-appeal. This court affirmed the trial court's equitable distribution award on May 31, 2013, and our supreme court denied allocatur. *Mayercheck v. Mayercheck*, 81 A.3d 1010 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 83 A.3d 169 (Pa. 2013).

Husband filed four petitions that were the subject of a hearing on May 13, 2014. The first petition was a petition for reconsideration that concerned the posting of a $52,000 bond by Husband and the payment of six percent interest on the amounts owed to Wife by Husband. The trial

court denied the petition. (Notes of testimony, 5/13/14 at 6.) Next, the court addressed Husband's petition for enforcement and distribution concerning property known as 7-B Emerald Cove in South Carolina. According to Wife's counsel, Husband was attempting to litigate the payment of the mortgage on the South Carolina property for the third time. (**Id.** at 13.) The trial court denied the petition. (**Id.** at 19.)

Next, the trial court addressed Husband's motion for extension of time to provide documents. On April 14, 2014, Husband was ordered to provide Wife with canceled checks for all bills paid by Husband on the property at 309 Williamsburg Lane in Export, Pennsylvania, along with all invoices for expenditures, receipts for condominium fees, rental receipts, etc. (**See** Order, 4/10/14.) Wife's counsel explained that he believed Wife was owed approximately $18,000 which represented money Husband kept after Wife was awarded the property. (Notes of testimony, 5/13/14 at 34.) The trial court ultimately decided to grant Husband a 30-day extension of time to provide the canceled checks to Wife, and a 10-day extension of time to provide copies of the other documents listed in the court's April 14, 2014 order. (**Id.** at 41.)

The last petition addressed at the hearing was a petition for contempt. Both Husband and Wife filed petitions for contempt; Husband owed Wife a deed to the property in South Carolina, and Wife owed Husband deeds to two properties in Pennsylvania. (**Id.**) Both parties had brought their deeds

to the hearing and were ordered to exchange them. (*Id.* at 45-46.) The trial court reduced all of the above to writing in its order dated May 13, 2014, and filed on May 14, 2014. Husband filed a timely notice of appeal, and on May 28, 2014, the trial court ordered Husband to file a concise statement of errors complained of on appeal within 21 days. (Certified record, document #359.) Husband timely complied. The topics listed in Husband's two-page, single-spaced Rule 1925(b) statement are as follows:

> Order appealed ***denied*** Defendant's Petition for Reconsideration;

> Order Appealed ***denied*** Defendant's Petition for Enforcement and Distribution as per Final Order dated October 3, 2011; and

> Order Appealed forces Defendant to allow Plaintiff and counsel to go on a "witch hunt" for the sole purpose of harassing Defendant and prompts de novo Distribution hearing

Document #361.

In response to Husband's Rule 1925(b) statement, the trial court filed an order advising that rather than file an opinion it would rely on its May 13, 2014 order as well as the transcript from the hearing held on that date. (Document #364.) We turn to the issues presently before this court.

In his first issue, Husband argues the trial court erred when it denied his petition for enforcement and distribution. More specifically, this issue concerns whether the trial court should have compelled Wife to pay Husband the sum of $37,376 representing the mortgage amount due on the marital

property known as 7-B Emerald Cove located in South Carolina as of September 22, 2006,[1] which was awarded to Wife in equitable distribution.

At the May 13, 2014 hearing, the trial court denied the petition finding instead the issue had already been litigated. The trial court, however, fails to point out where in this voluminous record the petition was previously litigated. Nonetheless, our review indicates there is no merit to Husband's claim.

First, there is no dispute that as of September 22, 2006, the balance of the mortgage amounted to $37,376. In the master's report filed on December 17, 2010, the master recommended Wife should receive the property "subject to any lien" and she would be responsible for payment of "any" mortgage lien on the property. (Master's report, 12/17/10 at 74.) The master also recognized that from September 2006 to the date of the master's report, a period of four years, Husband had collected all rents on the unit, and Wife received no portion of those rents. Husband also deposited all receipts into his personal accounts. The master also found that Husband offered no proof to show he lost money on the unit as he claimed. Additionally, Husband used the unit for himself in violation of a court order.

As previously set out, prior to the divorce decree being entered, the trial court remanded the case to the master "for the limited purpose of having the master calculate the percentage of distribution" of assets he

---

[1] September 22, 2006, was one of the dates that the master held a hearing.

intended to award the parties. The trial court did not request the master to calculate the percentage of distribution of liabilities. The trial court then entered an order on October 3, 2011, accepting the amendment to the master's report and granting the divorce.

On December 23, 2011, the trial court entered an order "in response to the parties' requests for court guidance as to which party shall be responsible for the mortgages and debt service on the various properties" and directed, "With regard to Emerald Cove, Wife shall be responsible for the condominium fees, real estate taxes and debt service." On January 30, 2012, the trial court further ordered that an escrow account be established with respect to the Emerald Cove property along with conditions while the case was on appeal to this court.

Another order was entered on May 3, 2012, granting a protective order and sanctions against Husband and setting additional terms on the Emerald Cove escrow account. On May 21, 2012, the court entered an order directing that Husband was responsible for the payment of the 2011 real estate taxes on the Emerald Cove property as he had exclusively received all the income generated from that property. While Husband continued to claim to have lost money on Emerald Cove, he offered no proof of such. (Master's report, 12/10/10 at 70.)

Wife contends, based on the final order of October 3, 2011 and the subsequent orders, she was responsible for all expenses and the balance of

the mortgage, if any, after October 3, 2011. Wife maintains that to do otherwise would create an unjust enrichment to the benefit of Husband as he had received all the rental income from the unit from September 22, 2006 until October 3, 2011, but had not been responsible for any of the debt service. In the context of the equitable distribution of marital property, the trial court has the authority to divide the award as the equities presented in the particular case may require. **Drake v. Drake**, 725 A.2d 717, 727 (Pa. 1999). Here, we find no abuse of discretion.

Next, Husband argues the trial court erred when it required him to pay interest on sums held by the prothonotary. Husband fails to present any type of legal argument, but rather complains there was "procedural error" by the trial judge, the prothonotary's office of Westmoreland County, and Wife's counsel. According to Husband, everyone was at fault but him. We disagree with Husband's assessment.

The record indicates that following the entry of the October 3, 2011 divorce decree, Husband filed an application for *supersedeas* pursuant to Pa.R.A.P. Rule 1731(b). On November 3, 2011, the trial court entered an order granting the application conditioned upon Husband posting a bond for $52,000. The trial court reasoned that amount was approximately 120% of the amount due Wife and her counsel under the October 3, 2011 decree. Husband owed Wife $24,433.77, and sums of $17,500 and $1,500 were due

Wife's counsel. As per the October 3, 2011 order, Wife was to be paid within 60 days and Wife's counsel was to be paid within 30 days of the decree.

Following Husband's appeal to this court and subsequent denial of allocatur by our supreme court, the record was returned to the Westmoreland County Prothonotary's Office on January 30, 2014. Upon return of the record, Wife requested the prothonotary release the sums due her and her counsel plus legal interest pursuant to Pa.R.A.P. 1735(b). The prothonotary declined and advised she would only do so pursuant to a court order. Wife prepared a petition and served a copy on Husband's counsel. On February 6, 2014, the trial court issued an order releasing the funds, but the order was silent regarding interest. Wife filed a motion for reargument. The trial court subsequently issued an order on April 10, 2014, which, *inter alia*, found that Wife and her counsel were entitled to simple interest at the legal rate of six percent on each of the above-mentioned sums accruing from October 3, 2011; and further, that the sums were to be paid by Husband within 30 days. Husband failed to make any payments and also failed to apply for a *supersedeas* bond.

Pennsylvania Rule of Appellate Procedure 1735(b) provides, in relevant part:

> Upon return of the record by the appellate court to the lower court, in a matter where the order appealed from was affirmed in whole or in part, the clerk of the lower court shall thereupon enter an order, as of the date of receipt of the remanded record, against the appellant for the amount due

> upon the order as affirmed, with interest and costs as provided by law.

Pa.R.A.P. 1735(b), 42 Pa.C.S.A.

Section 202, legal rate of interest, states:

### § 202.  Legal rate of interest

> Reference in any law or document enacted or executed heretofore or hereafter to "legal rate of interest" and reference in any document to an obligation to pay a sum of money "with interest" without specification of the applicable rate shall be construed to refer to the rate of interest of six per cent per annum.

41 P.S. § 202.

Based on the above, the trial court properly awarded six percent interest in accordance with Pa.R.A.P. 1735(b) and 41 P.S. § 202.  We see no error here.

Last, Husband frames his third issue as follows:  "Do the Westmoreland County Courts tacitly allow a scam on unsuspecting litigants for the profit of the attorneys[?]"  Husband fails to present any type of legal argument.  Instead, he offers his complaints about an expert witness, her valuation of Husband's dental practice, and the fee associated with the expert witness.

Courts in this Commonwealth have repeatedly recognized that an appellant's failure to cite any legal authority in support of his claim or otherwise develop his issue in a meaningful fashion results in waiver. *Sackett v. Nationwide Mut. Ins. Co.*, 4 A.3d 637, 641 (Pa.Super. 2010)

(finding appellant's issue waived due to its failure to cite legal authority in support of its claim), **appeal denied**, 34 A.3d 83 (Pa. 2011); **see also Samuel-Bassett v. Kia Motors America, Inc.**, 34 A.3d 1, 29 (Pa. 2011) (holding that a party's failure to develop a claim in any meaningful fashion in its appellate brief is a sufficient basis in itself to reject the argument), **certiorari denied**, **Kia Motors America, Inc. v. Samuel-Bassett**, 133 S.Ct. 51 (2012).

Furthermore, "[a]lthough this Court is willing to liberally construe materials filed by a **pro se** litigant," appellant's **pro se** status does not relieve him of responsibility to adequately develop his claims. **Wilkins v. Marsico**, 903 A.2d 1281, 1284-1285 (Pa.Super. 2006) (citation omitted), **appeal denied**, 918 A.2d 747 (Pa. 2007). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Id.** at 1285 (citation omitted).

Based on Husband's failure to cite to any legal authority, we find his third issue waived.

The order of the trial court is affirmed.

Order affirmed.

Judgment Entered.

- 10 -

J. S76013/14

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/15/2015</u>