J. S71032/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHELLY OGILVIE, | : | |
| | : | |
| Appellant | : | No. 784 MDA 2014 |

Appeal from the Judgment Entered April 10, 2014
In the Court of Common Pleas of Lackawanna County
Civil Division No(s).: 12-CV-418

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:               **FILED MAY 04, 2015**

In this mortgage foreclosure action, *pro se* Appellant, Shelly Ogilvie, appeals from the judgment entered in the Lackawanna County Court of Common Pleas in favor of Appellee, Nationstar Mortgage, after the court granted Appellee's motion for summary judgment. Although Appellant's *pro se* brief is largely unintelligible and lacking in relevant legal authority, we discern the following claims: Appellee lacked standing to file suit, Appellee improperly filed a motion for summary judgment while discovery was pending, and the court erred in failing to rule on her motion to set aside the verdict. We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

On May 22, 2007, Appellant executed a promissory note and mortgage in the sum of $79,500. The mortgage identified the "Lender" as Suntrust Mortgage, Inc. ("Suntrust"), and stated Mortgage Electronic Registration Systems, Inc. ("MERS") was "acting solely as a nominee for Lender and Lender's successors and assigns," and that "MERS is the mortgagee under this Security Instrument." Mortgage, filed 6/8/07, at 2, Ex. A to Appellee's Mot. for Summ. J., 1/30/14. On September 22, 2011, MERS filed an assignment of mortgage with the Lackawanna County Recorder of Deeds, which transferred the mortgage to Appellant.

On January 20, 2012, Appellee filed the instant complaint in mortgage foreclosure against Appellant, seeking *in rem* judgment of $83,828.26. On September 13, 2012, Appellant filed an amended complaint, which was signed by Appellant's attorney. An attached verification was signed by Olivia McAdams, an assistant secretary of Appellant, averring the statements in the amended complaint were true to the best of her knowledge.

On January 30, 2014, Appellant filed a motion for summary judgment. The certified record includes a letter from the court administrator, addressed to both parties, advising oral argument was scheduled for April 2nd. The record does not include any further information about oral argument, but Appellee's appellate brief states the court held argument that day and Appellant failed to appear. Appellee's Brief at 4. The court granted Appellee's motion for summary judgment on that day, April 2nd. On April

8th, Appellant filed a motion to set aside or vacate the order, which was not ruled upon by the court. Two days thereafter, on April 10th, judgment was entered in favor of Appellant in the amount of $100,880.25. Appellant took this timely appeal.[1, 2] The trial court did not order a Pa.R.A.P. 1925(b) statement of matters complained of on appeal or issue an opinion.

Appellee suggests this Court quash the instant appeal for Appellant's failure to comply with the Pennsylvania Rules of Appellate Procedure. In the statement of questions involved in Appellant's appellate brief, she avers the trial court erred in: (1) not ruling on her motion to set aside or vacate the grant of summary judgment to Appellee, (2) not giving her "an opportunity to be heard on her Application to the Court," and (3) "closing the Court in direct violation of [her] Rights to[ ] due process of law, the right to be heard, an opportunity to a fair and impartial trial, etc." Appellant's Brief at

---

[1] As judgment was entered on April 10, 2014, the thirty-day period to appeal expired on Monday, May 12th. *See* 1 Pa.C.S. § 1908 (providing that when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation); Pa.R.A.P. 903(a) (requiring notice of appeal to be filed within thirty days after entry of order). Appellant's notice of appeal bears a filing stamp dated May 12, 2014, although there is no docket entry for any notice of appeal filed.

[2] On November 17, 2014, while this appeal was pending, Appellee filed notice that Appellant had initiated a Chapter 7 bankruptcy. Pursuant to the automatic stay provisions of the Bankruptcy Code, this Court stayed the appeal.

On January 22, 2015, Appellee filed a suggestion of bankruptcy relief, averring the Bankruptcy Court had granted it relief from the automatic stay and permitted it to proceed with its rights under the instant mortgage. We subsequently lifted the stay in this appeal.

2. As stated above, many parts of Appellant's *pro se* brief are unintelligible. She advances a litany of muddled allegations, most without legal authority.[3] "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (citations omitted).

Nevertheless, we discern three claims: Appellee lacked standing to file suit against her, Appellee improperly filed a motion for summary judgment while discovery was pending, and the court erred in failing to rule on her motion to set aside the verdict. Accordingly, we decline to quash. **See id.** at 1284 (stating this Court may quash or dismiss appeal if appellant fails to conform to requirements set forth in Rules of Appellate Procedure).

In her first issue, Appellant avers the assignment of mortgage by MERS to Appellant was "patently bogus [and] void" and "fabricated to give

---

[3] **See, e.g.**, Appellant's Brief at 5 ("The [mortgage/promissory note] has not been attached to the Civil Complaint/Amended Civil Complaint in Mortgage Foreclosure with attached Allonges thereto, indicating the holder-in-due course and/or the real party in interest, the current Note holder."), 9 ("the government units, departments, bureaus, boards, commissions, etc., of THE COMMONWEALTH OF PENNSYLVANIA are legal fictions/corporations. See, 28 U.S.C. §3002 *et seq*. See, the corporate seal for Lackawanna county."), 10 ("[Appellant] does not consent to these colorable proceedings. [Appellant] does not accept this underlying officer and/or any officer. [Appellant] did not, does not, will not now intend to accept and consent to any offers.").

[Appellant] the '**Colorable**' appearance of being the holder-in-due course and/or the real party in interest of the" mortgage and promissory note. Appellant's Brief at 5, 6. In support, she cites a New York Bankruptcy Court case which stated, "MERS did not have authority, as 'nominee' or agent to assign the mortgage absent a showing that it was given specific written directions by its principals." *Id.* at 6 (citing *In re Agard*, 444 B.R. 231 (Bankr. E.D.N.Y. 2011), *vacated in part*, 2012 WL 1043690 (E.D.N.Y. 2012). Appellant concludes Appellee lacked "standing to bring the civil action on behalf of [the] current Note holder—the real party in interest." *Id.* at 6. We disagree.

"When reviewing an order granting summary judgment we must determine whether the trial court abused its discretion or committed an error of law." *Wells Fargo Bank N.A. v. Spivak*, 104 A.3d 7, 10 (Pa. Super. 2014). "[W]e review the evidence in the light most favorable to the non-moving party . . . and resolve all doubts as to the existence of a genuine issue of material fact against the moving party." *Id.* at 11.

Pennsylvania Rule of Civil Procedure 1035.2 governs motions for summary judgment:

> After the relevant pleadings are closed . . . any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2(1)-(2).

In the case *sub judice*, the "definitions" section of the mortgage clearly stated that while Suntrust was the "Lender," MERS was "acting solely as a nominee for Lender and Lender's successors and assigns," and that MERS was the mortgagee under this Security Instrument." Mortgage at 2. Accordingly, MERS had authority to assign the mortgage, in 2011, to Appellee. Appellee then, as the mortgagee, had standing to bring a mortgage foreclosure suit against Appellant. In this regard, we find no abuse of discretion. ***See Wells Fargo Bank***, 104 A.3d at 10.

Appellant's second claim on appeal is that Appellee "filed a motion for summary judgment while discovery was still pending" and while "[t]he pleadings were still open." Appellant's Brief at 3. She maintains she served discovery requests on Appellee on August 5 and December 12, 2013, and such requests have yet to be answered "fully, adequately, and completely." We find no relief due.

While Subsection (2) of Rule 1035.2 provides that a motion for summary judgment may be filed "after completion of discovery relevant to the motion," Subsection (1) has no such requirement. ***See*** Pa.R.C.P.

1035.2(1)-(2). Instead, Subsection (1) states a motion may be filed "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense **which could be established by additional discovery** or expert report." Pa.R.C.P. 1035.2(1) (emphasis added).

In the instant appeal, Appellant does not identify what discovery was necessary to establish a necessary element of her defense. ***See id.*** Instead, her sole claim is that because her discovery requests were not answered, Appellee erred in filing a motion for summary judgment. As stated above, there is no absolute requirement that discovery be completed before a motion for summary judgment may be filed.

Finally, Appellant contends the trial court erred in not ruling on her motion to set aside the order. However, "no post-trial motions are permitted where a trial court grants a motion for summary judgment." ***Wells Fargo Bank***, 104 A.3d at 10 n.8. Thus, no relief is due.

Finding no abuse of discretion, we affirm the judgment entered in favor of Appellee.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary
Date: 5/4/2015