J-A35042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY ELLEN BOROVICK, formerly known as MARY ELLEN WILSON, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : : | |
| DONALD REECE WILSON, | : : | |
| Appellee | : | No. 463 WDA 2015 |

Appeal from the Order February 5, 2015
in the Court of Common Pleas of Clarion County,
Civil Division, No. 151 CD 2009

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JANUARY 27, 2016**

Mary Ellen Borovick (formerly known as Mary Ellen Wilson) (hereinafter "Wife") appeals, *pro se*, from the Order directing her ex-husband, Donald Reece Wilson (hereinafter "Husband"), to pay Wife alimony in the amount of $650 per month for three years. We affirm.

The trial court set forth the factual and procedural history underlying this appeal in its Opinion and Order dated February 5, 2015 (hereinafter "the Opinion and Order"). ***See*** Opinion and Order, 2/5/15, at 1-6.[1] We incorporate the court's recitation herein by reference. ***See id.***

_____

[1] As the trial court mentions, this Court previously vacated the trial court's underlying Order concerning alimony and equitable distribution, and remanded to the trial court to consider the factors enumerated in 23 Pa.C.S.A. § 3701(b)(1)-(17) when determining whether alimony is necessary. ***See Wilson v. Wilson***, 107 A.3d 240 (Pa. Super. 2014) (unpublished memorandum).

By the Order dated February 5, 2015, the trial court directed that Husband shall pay Wife alimony of $650 per month for three years, commencing on May 30, 2013 (*i.e.*, the date of the trial court's underlying Order awarding Wife alimony). Wife timely filed a Notice of Appeal. In response, the trial court ordered Wife to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Wife timely filed a *pro se* Concise Statement, which was 36 pages long and in narrative form. The trial court thereafter issued a Pa.R.A.P. 1925(a) Opinion stating that (1) Wife's voluminous Concise Statement was defective under Rule 1925; and (2) nevertheless, the award of alimony was proper based on the court's rationale in the Opinion and Order.

Initially, we observe that although Wife's appellate brief fails to comply with numerous of our Appellate Rules concerning briefing requirements, **see** Pa.R.A.P. 2111(a)(1)-(10), and fails to contain any citation to legal authority, **see** Pa.R.A.P. 2119, we decline to quash or dismiss her appeal, and will address the merits of her claims. **See Wilkins v. Marsico**, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (noting that this Court is willing to liberally construe materials filed by a *pro se* litigant).

Though Wife's brief does not contain a statement of questions presented, she essentially raises one allegation of trial court error: Whether the trial court abused its discretion when it determined that Wife was entitled to alimony of $650 per month for only three years. **See** Brief for

Appellant at 1-7. Wife alleges that she has been diagnosed with multiple sclerosis ("MS"), and that because of this malady, she is unable to work, and should be entitled to alimony for her lifetime. *Id.* at 4-5; *see also id.* at 6 (asserting that Wife's "desires are not to be considered 'taken care of' …. She currently lives on the verge of destitution, and is only asking for lifetime support to help her live with health care and to secure the growing needs that her progressing [MS] is demanding.") (capitalization omitted).

"Our standard of review over an alimony award is an abuse of discretion." *Gates v. Gates*, 933 A.2d 102, 106 (Pa. Super. 2007) (citation omitted); *see also Hicks v. Kubit*, 758 A.2d 202, 205 (Pa. Super. 2000) (stating that the scope of review in assessing the propriety of an award of alimony is to determine whether the trial court's order is motivated by prejudice, bias or ill-will, or whether the court has overridden or misapplied the law). This Court has explained that

> the purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. Moreover, alimony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill.
>
> In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income

sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the contribution of a spouse as homemaker and the duration of the marriage.

*Gates*, 933 A.2d at 106 (citing, *inter alia*, 23 Pa.C.S.A. § 3701(b)) (citations, quotation marks and emphasis omitted).

In its Opinion and Order, the trial court thoroughly addressed Wife's claims and the factors contained in section 3701(b), and determined that Wife is entitled to alimony of $650 per month for three years, as opposed to for her lifetime. *See* Opinion and Order, 2/5/15, at 6-15. The trial court's analysis is supported by the record, and we discern no abuse of discretion in the court's ruling. Accordingly, we affirm based on the trial court's sound analysis concerning Wife's claim on appeal. *See id.*

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2016

- 4 -