J-S11018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICHARD C. GRATE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VENITA D. MANN | : | |
| | : | |
| Appellant | : | No. 3016 EDA 2023 |

Appeal from the Order Entered November 13, 2023
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 0C1302259

BEFORE:  BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 11, 2024**

Venita D. Mann ("Mother") appeals *pro se* from the order denying three contempt petitions she filed against Richard C. Grate ("Father") in this custody dispute. We affirm.

This litigation involves custody of the parties' son ("Child"), born in 2008. The first custody order was entered in 2014. The court awarded Mother primary physical custody and Father partial physical custody, and gave the parties shared legal custody. The court modified custody in March 2019, awarding Father primary physical custody and Mother partial physical custody to be exercised on alternating weekends. *See **V.D.M. v. R.C.G.**, No. 1117 EDA 2019, 2020 WL 398591, at *6 (Pa.Super. Jan. 23, 2020) (unpublished memorandum).

---

[*] Retired Senior Judge assigned to the Superior Court.

The court amended custody again in February 2021, to require Mother to test negative for COVID-19 before exercising custodial time. ***See*** Trial Court Opinion, filed 12/27/23, at 2. That same order denied a contempt petition Mother had filed on January 6, 2021. The court amended custody once more in October 2021, directing the parties to participate in co-parent counseling and that Child participate in psychological counseling. ***See id.*** It also allowed the parties to modify custody by agreement. ***See id.***

Mother filed four petitions for contempt and/or expedited relief on May 12, 2022, May 12, 2022, June 8, 2022, and June 27, 2022. ***See Grate v. Mann***, No. 2350 EDA 2022, 2023 WL 3145922, at *2-*3 (Pa.Super. 2023) (unpublished memorandum). Relevant here, Mother alleged Father had failed to relinquish custody on various dates in February and March 2020 and between January and June 2022. The court held a hearing and denied the petitions on August 16, 2022.[1] Mother appealed, and we affirmed. ***See id.***, 2023 WL 3145922, at *6.

The court entered an order on December 1, 2022, awarding Father sole legal custody and primary physical custody and awarding Mother partial physical custody, to be exercised every Sunday and on one overnight per month. Mother appealed, and we affirmed. ***See Grate v. Mann***, No. 4 EDA 2023, 2023 WL 3736432 (Pa.Super. 2023) (unpublished memorandum).

_____

[1] The order also temporarily awarded Father sole legal custody to facilitate the commencement of Child's psychological counseling.

However, the court had yet to decide three other contempt petitions Mother had filed *pro se* in March 2021, February 2022, and May 2022. Those petitions are the subject of the instant appeal. The first, filed on March 4, 2021, alleged Father had failed to transfer custody of Child to her on February 19, 2021. **See** Trial Ct. Op. at 3. The second, filed February 25, 2022, alleged that Father had violated the custody order in January 2021, December 2021, and February 2022, by failing to transfer custody of Child or transferring him late. The petition claimed that Father violated the custody order 10 times in 2020. **Id.** The third petition, filed on May 16, 2022, alleged Father had failed to transfer custody of Child on April 1, 2022, April 29, 2022, and May 6, 2022. **Id.** The court denied these petitions following a hearing at which Mother represented herself. Mother appealed.

In its Rule 1925(a) opinion, the court stated it found Mother had waived her issues because her Rule 1925(b) statement was not "sufficiently concise and coherent such that the trial court judge is able to identify the issues to be raised on appeal." **Id.** at 7 (internal quotation marks omitted). However, the court attempted to address the issues in the statement "where identifiable and discernable." **Id.** at 8.

Regarding Mother's first petition, and her allegation that Father violated the custody order on February 19, 2021, the court noted that Mother had previously offered evidence regarding that claim at a May 12, 2021 hearing. **Id.** at 9-10. It found the evidence Mother presented at that hearing and the November 13, 2023 hearing did not establish "that Father acted with wrongful

intent on the weekend of February 19-21, 2021, in light of his concerns to [Child]'s possible exposure to the COVID-19 virus." *Id.* at 10.

Regarding Mother's second petition, the court found Mother's claim that Father had violated the custody order in February 2022 had been previously litigated. This claim had been encompassed by the contempt petition Mother had filed on May 12, 2022. The court explained that it had denied that petition on August 16, 2022, and we had affirmed the denial on appeal. *Id.* at 11. The court also found Mother's allegations that Father violated the custody order 10 times in 2020 had been previously litigated. It pointed out that Mother raised this claim in the contempt petition she had filed on January 6, 2021. The court had denied that petition, and Mother did not appeal. *Id.* The court therefore held these claims barred by the doctrines of collateral estoppel and the law of the case. *See id.* at 6-7.

The court disposed of Mother's remaining claims that Father had violated the custody order by stating, "Mother's testimonial and documentary evidence did not establish by a preponderance that Father acted with wrongful intent on any of the occasions which Mother alleged were violations" of the custody order. *Id.* at 12. The court also noted it had allowed the parties to modify custody by agreement. *Id.* at 8. It found the parties' "course of conduct has resulted in a *de facto* modification [of the custody order] to accommodate [Child]'s evolving participation in athletic events in New Jersey and his increased socializing with friends," to which Mother and Father had agreed. *Id.*

Regarding Mother's third petition, in which she alleged Father failed to transfer custody of Child to Mother in April and May 2022, the court found this claim had been previously litigated. These allegations had been included in the contempt petition Mother filed on May 12, 2022, which the trial court denied on August 16, 2022 and we affirmed on appeal. *Id.* at 13.

We reproduce Mother's issue on appeal verbatim:

Whether the trial court erred in finding Appelle guilty of willfully disobeying the court order that has been filled throughout the pendency of the modification hearings filed for March 13, 2020? For dates of contempt filed for May 4, 2021, February 25, 2022 and May 16, 2022

Mother's Br. at XI. Father has not filed an appellee's brief.

"In reviewing a trial court's finding on a contempt petition, we are limited to determining whether the trial court committed a clear abuse of discretion." *Rogowski v. Kirven*, 291 A.3d 50, 57 (Pa.Super. 2023) (citation omitted). We defer to the trial court's credibility determinations, "as that court has had the opportunity to observe [the witnesses'] demeanor." *Garr v. Peters*, 773 A.2d 183, 189 (Pa.Super. 2001).

A party alleging contempt by violation of a court order must prove three things: "(1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." *J.M. v. K.W.*, 164 A.3d 1260, 1264 (Pa.Super. 2017) (*en banc*) (citation omitted). The movant must carry the burden of proof by a preponderance of the evidence. *Id.*

Mother's brief is, for the most part, extremely difficult to understand. While this Court is willing to liberally construe documents filed by *pro se* litigants, we cannot act as Mother's counsel. *In re deLevie*, 204 A.3d 505, 511 (Pa.Super. 2019). Mother is not excused from adhering to the same requirements as counsel. *Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa.Super. 2006). Therefore, to the extent we cannot discern Mother's arguments, they are waived.

Mother makes sweeping accusations that Father and his counsel committed perjury. Most of those claims lack specificity and are waived for lack of development. *See Lackner v. Glosser*, 892 A.2d 21, 29 (Pa.Super. 2006).

Many of Mother's arguments involve alleged errors made during the hearings on her previous contempt petitions or involve allegations that were not raised in the three contempt petitions that are the subject of the instant appeal. They are therefore not properly before us. *See* Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal).

Mother asserts the court "rushed" her testimony at the November 13, 2023 hearing on the instant petitions. Mother's Br. at XXVI (citing N.T. 11/13/23, at 31-32). She also claims the court stopped her from reading her evidence on the record. *Id.* at XXVII (citing N.T. at 45-48).

Our review of the transcript discloses no error by the court or infringement on Mother's right to due process. *See In re Adoption of J.N.F.*, 887 A.2d 775, 781 (Pa.Super. 2005) (stating due process requires opportunity

to be heard and chance to defend oneself in impartial tribunal having jurisdiction over matter). Mother has not identified anything of record establishing that the court improperly truncated her testimony or otherwise deprived her of the chance to make her case. Mother had ample opportunity to be heard and present evidence on each of her petitions.

Regarding the first petition, Mother argues that Father refused to transfer custody of Child on February 19, 2021, even though she had provided a negative COVID test. Mother further alleges that while the court stated that it could not read Mother's email to Father's counsel attaching her negative COVID test, the court "fabricated" that conclusion and "has concealed this evidence out of the record sent to the [S]uperior [C]ourt." Mother's Br. at XXVI-II.

This issue merits no relief. Mother did introduce into evidence an email with an alleged negative COVID test result, and the court said the email was "illegible." *See* N.T. at 38. However, the email is not in the certified record, and we are therefore unable to review this issue. *See Commonwealth v. Preston*, 904 A.2d 1, 7-8 (Pa.Super. 2006) (*en banc*) (stating it is appellant's duty to ensure certified record is complete, and where it is not, issues may be waived). Moreover, Mother admitted she violated the custody order by attempting to exchange custody of Child at Father's house, rather than at the police station. *See* N.T. at 58-59. In any event, Father testified that he did not force Child to go with Mother out of concern for Child's well-being, not out of any wrongful intent. *See id.* at 64-65, 68-70. We cannot say that the failure

to hold Father in contempt was "a clear abuse of discretion." ***Rogowski***, 291 A.3d at 57.

Regarding the second petition, Mother argues Father and his counsel falsely testified regarding custody exchanges in 2020 and in January 2022. Mother does not contest the court's conclusion that these claims were previously denied by the orders of February 11, 2021, and August 16, 2022. Nor has she explained how the court erred in concluding that the claims were barred by the doctrines of collateral estoppel and law of the case. Mother makes no cogent argument regarding any other violations she claims the trial court committed regarding this petition.

As for her third petition, Mother argues she did not agree that Father could keep Child on April 1 and April 29, 2022. She also alleges she presented evidence that Father had fabricated evidence that he transferred custody on those dates. She further argues her petition "stems from [F]ather and his counsel not getting [Child] the treatment according to his need for trauma from sexual abuse and parental alienation." Mother's Br. at LIV.

Mother again fails to explain how the court erred in concluding these claims had already been decided in prior contempt proceedings, by the order of August 16, 2022. She does not explain why she could not have presented her evidence allegedly contradicting Father's testimony during that prior proceeding. Moreover, her claim that Child did not get treatment relates to her claim that Father breached "the October 18, 2021 and May 12, 2021 agreement for treatment for [C]hild." ***Id.*** Those agreements are not properly

before us in this appeal. Her claim relating to them affords her no basis for reversal of the order we are reviewing, the November 13, 2023 order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/11/2024