J-S45017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN J. LYNCH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ANDREW L. GITTELMACHER STEWART AND PETER SMITH | |
| Appellees | No. 3512 EDA 2016 |

Appeal from the Order Entered April 25, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2015 NO. 04481

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.              **FILED AUGUST 03, 2017**

Appellant, John J. Lynch, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, granting Appellee Andrew L. Gittelmacher's "Petition to Open/Strike Default Judgment."[1] We dismiss the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Under Pa.R.A.P. 311, an appeal may be taken from an order *refusing* to open, vacate, or strike off a judgment. An appeal may not be filed from an order opening, vacating, or striking off a judgment until the court has disposed of each claim for relief. **See** Pa.R.A.P. 311. Instantly, Appellant filed a premature notice of appeal to the Commonwealth Court from the order granting Appellee's petition to open default judgment. The Commonwealth Court granted Appellee's motion objecting to the Commonwealth Court's jurisdiction, and transferred the case to our Court. Thereafter, the trial court sustained Appellee's preliminary objections to Appellant's complaint for failure to state a cause of action. The trial court's order sustaining Appellee's preliminary objections thus disposed of all claims

*(Footnote Continued Next Page)*

appeal.

The Pennsylvania Rules of Appellate Procedure provide the following guidelines regarding the content of an appellant's brief:

**Rule 2111. Brief of the Appellant**

**(a)General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

*(Footnote Continued)* ─────────────────

against Appellee and perfected our jurisdiction. ***See*** Pa.R.A.P. 311. The Smiths are listed on the caption, but they are not a part of this case.

Pa.R.A.P. 2111(a).

"Briefs and reproduced records shall conform in all material respects with the requirements of these rules … if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) (citation omitted). Furthermore, when "issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-943 (Pa. Super. 2006) (citation omitted; brackets in original).

The *pro se* brief Appellant submitted to this Court substantially fails to conform to the basic requirements of appellate advocacy. Although Appellant's brief contains most of the required headings, those sections do not actually include an appropriate statement of jurisdiction, or the scope and standard of review. Appellant also presents eleven questions for our review, which are largely incomprehensible.

The argument section of Appellant's brief is even more troubling. While Appellant does include some citations to authority in his brief, none of these are relevant or incorporated into any cohesive argument. Appellant's brief lacks a developed legal argument, and consequently deprives us of the

ability to conduct meaningful judicial review. While we are not insensitive to the fact that Appellant is proceeding *pro se*, we decline to become his counsel. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Wilkins v. Marsico***, 903 A.2d 1281, 1284-1285 (Pa. Super. 2006) (citation omitted). Accordingly, we dismiss the appeal due to the substantial defects in Appellant's brief. ***See*** Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2017