J-S24002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BERGEN AVENUE REALTY PA, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AISHA GARNER, ISHMEAL GANGOO, INDEXED | : | |
| | : | No. 1587 EDA 2018 |
| Defendant | : | |
| | : | |
| AND OCCUPANTS | : | |
| | : | |
| APPEAL OF: AISHA GARNER | : | |

Appeal from the Order Dated April 6, 2018
In the Court of Common Pleas of Monroe County Civil Division at No(s):
7733 CV 2017

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:                **FILED MAY 06, 2019**

Aisha Garner appeals, *pro se*, from the order, entered in the Court of Common Pleas of Monroe County, granting Bergen Avenue Realty PA, LLC's (Bergen) motion for summary judgment.  After careful review, we quash Garner's appeal.

Bergen obtained title to 7208 Hickory Lane in Stroudsburg, Pennsylvania ("the Property") at a sheriff's sale on February 25, 2016, and recorded the deed on April 4, 2016.  As Garner and others continued to occupy the Property, Bergen filed a complaint in ejectment on October 12, 2017.  On April 6, 2018, the Honorable Arthur L. Zulick granted Bergen's unopposed motion for

_____
*   Former Justice specially assigned to the Superior Court.

summary judgment. Garner timely filed a notice of appeal, but failed to file a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b).

Appeals will be quashed "only where the failure to conform to the Rules [of Appellate Procedure] results in the inability of this Court to discern the issues argued on appeal." **Kern v. Kern**, 892 A.2d 1, 6 (Pa. Super. 2005). Here, Garner not only failed to follow Rule 1925(b) as ordered by the court below, she failed to follow the majority of the requirements under Pa.R.A.P. 2111(a), failing to include even a statement of questions involved. **See** Brief of Appellant, at A. Our inability to discern any valid basis for her appeal is compounded by the illogical nature of her argument. **See**, **e.g.**, **id.** at 3 (claiming, *inter alia*, Judge Zulick lacked authority to render decisions because not delegated authority to do so by United States Congress). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Wilkins v. Marsico**, 903 A.2d 1281, 1284–85 (Pa. Super. 2006). "[W]e decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, [this] Court will not consider the merits thereof." **Banking Branch and Trust v. Gesiorski**, 904 A.2d 939, 942–43 (Pa. Super. 2006).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19