J-S51013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| P.R.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K.H. | : | No. 869 MDA 2020 |

Appeal from the Order Entered May 21, 2020
In the Court of Common Pleas of York County Domestic Relations at
No(s): 00440SA2015, PACSES# 899115170

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.: **FILED DECEMBER 11, 2020**

P.R.D. (Father), who has been *pro se* throughout this action, appeals from the order detailing his child support responsibility as it pertained to unreimbursed medical expenses. We affirm.

In stating its decision on the record, the trial court explained:

The [c]ourt does not have evidence that the treatment that the child received was not medically necessary or was otherwise cosmetic in nature.

We do not believe that is [Father's] argument, in any event. He is arguing that he did not have a say in what these expenses were, and he did not have any problems with the child when the child was in his care. He is upset about the custodial arrangement, but this [c]ourt is bound by the custodial arrangement that is in place, and it does afford [Appellee] the right to make these decisions and seek appropriate care for her son.

N.T., 5/21/20, at 2-3.

Father filed a notice of appeal on June 19, 2020, along with a narrative "concise statement of matters." The trial court issued a Rule 1925(a) opinion on July 16, 2020. The trial court expressed its "belie[f that] the appeal should be quashed for failure to identify an error by the [c]ourt pursuant to 1925(b), or in the alternative, the Superior Court could find that the issues have been waived." Trial Court Opinion, 7/16/20, at 3-4. Nonetheless, the trial court provided a comprehensive and thoughtful analysis in support of its May 21, 2020 order, and addressed what it perceived to be Father's appellate issues. *See id.* at 1-12.

On July 21, 2020, Appellee filed with this Court a motion to dismiss Father's appeal, followed by a motion to dismiss and quash on July 23, 2020. Appellee asserted:

> No averment nor argument has been raised on appeal to suggest that these medical expenses were not incurred. Rather, Appellant's sole claim on Appeal is that he is unhappy with the underlying custody arrangement. Appellant makes no request for relief that could be granted by this Honorable Court, but instead uses this Appeal as a platform to vent his frustration with the court system, judges and counsel involved in the custody proceeding.

Motion to Dismiss and Quash Appeal, 7/23/20, at 1. By order entered August 4, 2020, we denied both motions without prejudice.

We recognize that Father's brief is wholly deficient and in no way reflects the content prescribed by our Rules of Appellate Procedure. The brief, independent of attachments, consists of 3 unnumbered pages, in which Father provides his historical account of, *inter alia*, being denied a fair trial and

repeatedly encountering judicial bias. Father concedes he "has no court cases to reference," and makes no legal argument. *See* Father's Brief at 3 (unnumbered).

The law is well settled:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (citations omitted). In particular,

[t]he argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.

*In re Estate of Whitley,* 50 A.3d 203, 209 (Pa. Super. 2012).

Consistent with both the record and prevailing law, we agree with the trial court and Appellee that this appeal could be dismissed or quashed. However, given the trial court's forbearance, we affirm its order, and adopt its opinion. The Honorable Andrea Marceca Strong, sitting as the trial court, explained:

The evidence presented by the Appellee/Mother at the hearing was uncontroverted. Appellant/Father failed to contest

the validity of the medical bills presented as evidence, nor did he contest the calculation of medical enforcement. Appellant/Father argued that he should not be required to pay the child's medical expenses as he did not agree with the child receiving the indicated treatments. He further argued against the parties' current custody agreement entered as an order of court on June 27, 2019.

Trial Court Opinion, 7/16/20, at 2.

The court detailed the terms of the parties' custody, as well as their respective child support obligations, and emphasized that it "repeatedly informed Appellant/Father that we were unable to address custody matters during a support hearing and that the only matter before the court was medical reimbursement." *Id.* at 6. The court additionally addressed Father's claims of judicial bias, stating:

> The record will reflect that the [c]ourt was merely noting that argument was not a basis for excusing the obligation of Appellant/Father. At no time did the [c]ourt laugh at or mock the Appellant/Father, nor was the [c]ourt sarcastic or degrading toward Father or men in general. To the contrary, the [c]ourt, at all times, engaged in a respectful exchange with the parties in an effort to keep them focused on the issue pending before the [c]ourt. While acknowledging the concerns expressed by Father, we patiently attempted to redirect Father to the focus of the proceedings. The decision was based solely on the evidence before the [c]ourt, which supported reimbursement to the parent that incurred the expenses, without regard to gender.

*Id.* at 8-9.

In sum, and for the above reasons, Father's appeal lacks merit. Accordingly, we affirm the trial court and incorporate its thorough and well-reasoned opinion in this decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2020