J-S09044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| WILMINGTON SAVINGS FUND | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN J. KELLER AND JAIMIE LEE | : | |
| KELLER | : | |
| | : | No. 730 EDA 2023 |

Appeal from the Judgment Entered February 16, 2023
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2022-C-0804

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED MAY 8, 2024**

In this ejectment action, John J. Keller ("Keller") appeals pro se from the February 16, 2023 order of the Lehigh County Court of Common Pleas granting summary judgment in favor of Wilmington Savings Fund ("WSF").[1] Because the trial court correctly found that Keller received adequate notice and an opportunity to be heard on WSF's motion for summary judgment, and because Keller failed to ensure the certified record contains the documents necessary for our review of his improper service claim, we affirm.

The ejectment action arises from a foreclosure proceeding against Keller involving real property located in Allentown, Pennsylvania (the "Property").

---

[1] Keller's wife, Jaimie Lee Keller ("Mrs. Keller"), did not file a notice of appeal. We refer herein to Keller and his wife collectively as "the Kellers."  Further, we note that the record contains various spellings of Mrs. Keller's first name; we use the version contained in the Notice of Appeal and have corrected the caption accordingly.

WSF purchased the Property at a sheriff's sale and recorded the sheriff's deed on November 15, 2019. Despite WSF having record title to the Property, the Kellers continued to reside there.

On April 18, 2022, WSF filed the instant ejectment action against the Kellers. Keller responded by filing an answer and new matter collaterally attacking the underlying foreclosure action and sheriff's sale. Specifically, Keller averred that (1) the sheriff's sale, sheriff's deed, and instant ejectment action were illegal because the foreclosure action was not filed by the real party in interest; (2) the 2019 sheriff's sale should have been postponed as Keller had requested in his response to a motion to reassess damages in the foreclosure action, in which he argued the damages were inflated; (3) the sheriff's sale should be set aside because Mrs. Keller has an equitable interest in the Property and was not named as a party in the foreclosure action.[2] Keller's Answer and New Matter, 5/18/2022, ¶¶ 1, 12-29. WSF filed a reply to new matter denying Keller's allegations.

On October 16, 2022, WSF filed a motion for summary judgment, averring that no genuine issue of material fact existed as to WSF's ownership

_____

[2] Although named in the complaint, Mrs. Keller did not file a response. In Keller's answer and new matter, he captions only himself and states that he is proceeding pro se on his own behalf without mention of his wife. In a footnote in its decision granting summary judgment, the trial court observed that Keller, as a pro se litigant, could not represent Mrs. Keller. However, it made no specific finding in that regard as it relates to the issues pending before this Court. Likewise, WSF made no argument about Keller's ability to raise claims about Mrs. Keller's interests in the Property. We therefore do not address it here.

and entitlement to possession of the Property.[3]  Keller did not initially file a response in opposition to WSF's motion.  On December 2, 2022, the trial court, treating WSF's motion for summary judgment as uncontested,[4] granted the motion and entered judgment in its favor.  On December 5, 2022, WSF filed a praecipe for judgment and writ of possession of the Property.  On that same date, Keller filed an untimely response in opposition to WSF's motion for summary judgment, again attacking the underlying foreclosure action and sheriff's sale.  Two days later, Keller filed a motion for reconsideration, which the trial court granted.  On December 13, 2022, the trial court vacated the December 2, 2022 judgment and struck the writ of possession.  Thereafter, on February 16, 2023, the trial court issued an order and opinion in which it found no genuine issue of material fact existed, granted WSF's motion for

---

[3]  WSF had previously filed a motion for summary judgment on June 6, 2022, which the trial court denied without prejudice as premature.

[4]  Pa.R.Civ.P. 239.7 requires trial courts to promulgate a local rule to describe the court's procedures for disposition of motions for summary judgment.  In Lehigh County, the local rule provides that if a response in opposition to a motion for summary judgment is not filed within thirty days, the trial court may treat the motion for summary judgment as uncontested.  Leh.R.C.P. 1035.2(a)(2); **see also** Pa.R.Civ.P. 1035.3 (stating in pertinent part that summary judgment may be entered against a party who does not respond).

summary judgment, and entered judgment in ejectment in its favor.[5]  This timely appeal followed.[6]

On appeal, Keller presents the following issues for our review:

(A)    Did the court err and cause prejudice to [Keller] by granting summary judgment to [WSF] on February 16, 2023, sua sponte, where the only prior event was the same court's order of December 13, 2022, which vacated the court's prior summary judgment order in the same matter and caused the rescheduling of the case for arbitration and discovery?

(B)    Did the court commit reversible error by granting summary judgment to [WSF] despite the unresolved, contested material facts regarding due process and personal service that required submitting to a fact finder for final determination?

Keller's Brief at 3 (unnecessary capitalization omitted).[7]

In his first issue, Keller assails the propriety of the trial court's February 16, 2023 order granting WSF's motion for summary judgment.  *Id.* at 16.  The crux of Keller's argument is that he was denied due process when the trial court "abruptly" and "without warning" issued a "sua sponte" order granting

---

[5]  On December 13, 2022, WSF refiled its motion for summary judgment; Keller did not respond.  In its February 16, 2023 order, the trial court expressly stated that it based its decision upon WSF's October 26, 2022 motion for summary judgment and Keller's December 5, 2022 response in opposition thereto.  Order, 2/16/2023.  The trial court therefore denied as moot WSF's December 13, 2022 motion for summary judgment.  *Id.*

[6]  Keller filed a motion for reconsideration on February 25, 2023, which the trial court denied on March 20, 2023 in light of Keller's appeal.

[7]  WSF did not file a brief in response.

WSF's motion for summary judgment on February 16, 2023. *Id.* at 17-19. According to Keller, the trial court's December 13, 2022 order—which vacated the December 2, 2022 judgment and struck the writ of possession—functioned to dismiss WSF's October 26, 2022 motion for summary judgment and reinstate a discovery and arbitration schedule in this case. *Id.* at 17. Thus, Keller contends, the trial court did not have a pending motion for summary judgment before it when it ruled in WSF's favor on February 16, 2023. *Id.* at 17. Keller argues he was denied notice and an opportunity to be heard before the trial court entered judgment. *Id.* at 17. He seeks a remand of the matter to the trial court to complete discovery and arbitration. *Id.* at 5, 13.

"A question regarding whether a due process violation occurred is a question of law for which the standard of review is de novo and the scope of review is plenary." *DeRosa v. Gordon*, 286 A.3d 321, 329 (Pa. Super. 2022) (quotation marks and citation omitted). "Procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Id.* (quotation marks and citation omitted). In its opinion, the trial court reiterated the procedural history detailed above and stated the following:

> On December 13, 2022, the court granted Keller's request for reconsideration and vacated the December 2, 2022 [order] to consider Keller's submissions. Notably, the court did not enter any order that denied [WSF's motion for summary judgment] and thus, [it] remained pending and under advisement. Accordingly, after giving due consideration to Keller's December 5, 2022 reply [to WSF's motion for summary judgment] and attached exhibits, the court issued its [o]rder and [o]pinion of February 16, 2023

granting [WSF's motion for summary judgment]. Thus, Keller's contention that the court acted sua sponte is without merit as the court ruled upon the pending [motion for summary judgment] following consideration of Keller's [response] in opposition to the [motion for summary judgment]. Additionally, Keller has no right to oral argument in opposing a summary judgment motion, as it remains in this court's discretion to schedule an argument,[FN] and Keller made no motion to the court requesting oral argument prior to the entry of the order at issue.

> [FN] "After a response to the motion is filed or after the response period has elapsed, the assigned judge may schedule the motion for oral argument. If so, written notice of the argument date will be given to counsel for the parties and to any unrepresented parties." Leh.R.C.P. 1035(a)(4).

\*\*\*

[I]n accordance with Pa.R.C[iv].P. 1035.2, only the pleadings between the parties to a motion for summary judgment must be closed prior to filing the motion. Keller's [a]nswer was filed on July 6, 2022, closing the pleadings nearly four (4) months prior to the filing of [WSF's motion for summary judgment] on October 26, 2022. [WSF's motion for summary judgment] was therefore proper and timely.

Lastly[,] … [i]n addressing the entry of summary judgment in the absence of written responses or briefs, [Pa.R.Civ.P. 1035.3] provides in pertinent part: "A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion." Pa.R.C[iv.]P. 1035(e)(1). First, Keller was provided [a] full opportunity to file a response in opposition within the allowable time period but failed to do so. On December 5, 2022, Keller filed a late response, with proposed exhibits, in opposition to [WSF's motion for summary judgment]. Second, although not required to do so, the court exercised its discretion to Keller's benefit by granting his request for reconsideration and fully considered Keller's opposition to the [motion for summary judgment.]

Trial Court Opinion, 4/21/2023, at 2-4.

The record confirms, contrary to Keller's assertion, that the trial court never dismissed or denied WSF's October 26, 2022 motion for summary judgment. The trial court granted Keller's motion for reconsideration and vacated its December 2, 2022 order so that it could consider Keller's untimely response in opposition to WSF's motion for summary judgment. Keller's response included a twenty-seven page "Index of Attached Documents in Supplementation of the Record," which consisted of various correspondence relating to the underlying foreclosure action. The trial court's actions favored Keller, providing him with an opportunity to be heard, despite his untimely filing, as to why he believed the court should deny the motion for summary judgment. After due consideration of both parties' filings, the trial court issued its decision. The trial court did not err. Accordingly, this claim merits no relief.

In his second issue, Keller collaterally attacks the underlying foreclosure action. Keller argues that WSF was required to personally serve Mrs. Keller as an "interested party" and not as an "occupant-tenant" in the underlying foreclosure action pursuant to Pa.R.Civ.P. 3129.1(b)(4).[8] Keller's Brief at 12-

_____

[8] Keller incorrectly cites throughout his brief to Pa.R.Civ.P. 3129.4, a rule that does not exist. We surmise that he intends to cite to Pa.R.Civ.P. 3129.1(b)(4), as it addresses the subject matter that Keller discusses in his brief. In particular, this rule provides that the affidavit filed with the sheriff for sale of real property

*(Footnote Continued Next Page)*

13, 16. According to Keller, this failure renders WSF's record title to the Property invalid. *Id.* Keller concedes that Mrs. Keller did not have a recorded interest in the Property, but Keller contends that because Mrs. Keller is his wife, resided at the Property, and signed Keller's loan modification applications as a "co-occupant," she was required to be personally served with notice of the sale under Pa.R.Civ.P. 3129.1 and 3129.2. *Id.* at 8.

Following our thorough review of the record, we conclude that we are unable to address this claim as the record does not contain the documents necessary for this Court to conduct its review.[9] As this Court previously explained, it is an appellant's obligation to ensure that there is an adequate

_____

shall set forth to the best of the affiant's knowledge or information and belief as of the date of the praecipe for the writ of execution was filed the name and address or whereabouts of … every other person who has any interest in that property not of record which may be affected by the sale and of which the plaintiff has knowledge.

Pa.R.Civ.P. 3129.1(b)(4).

[9] We recognize that Keller has represented himself throughout the pendency of this matter, including before this Court on appeal. The law is clear, however, that "[a]lthough this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant." *Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa. Super. 2006). Accordingly, a pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Appellate Procedure. *See id.* This is particularly true where, as here, the pro se litigant is a former attorney and his failure to comply with our procedural rules cannot be attributed to a lack of legal training. *See* Keller's Index of Attached Documents in Supplementation of the Record, 12/5/2022, at 19 (unpaginated) (letter dated January 15, 2016, from Keller's then-counsel requesting postponement of sheriff's sale and noting Keller "was a productive attorney for many years").

record to permit "meaningful review" in compliance with our appellate rules of procedure:

> The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent[.] …

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain sua sponte of lacunae in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

> … Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.

**Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006) (en banc) (citations omitted).

Instantly, the certified record does not contain the docket entries from the underlying mortgage foreclosure action or the affidavit and returns of service from that action filed pursuant to Rules 3129.1 and 3129.2. We

therefore have no means of reviewing the deficiencies in these documents alleged by Keller. Keller's failure to ensure that the certified record contains these necessary documents precludes our review of his claim of improper service in the underlying foreclosure action. As such, Keller's second issue is waived on appeal. *See Preston*, 904 A.2d at 6-7.

Judgment affirmed.

President Judge Emeritus Panella joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  5/08/2024